UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ,<br><br>   Plaintiff,<br><br> v.<br><br>M. LEE, et al.,<br><br>   Defendants. | Case No. 23-cv-03660-HSG<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING CERTAIN CLAIMS AND DEFENDANTS WITH LEAVE TO AMEND** |

Plaintiff, an inmate currently at San Quentin State Prison ("SQSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. In this order, the Court screens Plaintiff's complaint (Dkt. No. 1) pursuant to 28 U.S.C. § 1915A. Plaintiff has paid the filing fee. Dkt. No. 5.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Complaint**

The complaint suffers from numerous deficiencies.

First, the complaint fails to comply with Fed. R. Civ. P. 8(a)(2)'s requirement of providing a "short and plain statement of the claim."  Instead, in over twenty single-spaced typed pages, the complaint recounts in excessive detail numerous negative interactions that Plaintiff has had with SQSP and Pelican Bay State Prison ("PBSP") correctional officials between April 2020 to April 2023.

Second, the complaint violates Fed. R. Civ. Proc. 20(a)(2)'s joinder requirements.  Rule 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff brings First Amendment retaliation and Bane Act claims regarding events at Pelican Bay State Prison, where he was previously housed, and San Quentin State Prison, where he is currently housed; and an Eighth Amendment deliberate indifference to serious medical needs claim regarding events at San Quentin State Prison.  The only connection between the events at SQSP and at PBSP is that defendant SQSP officer Ronnenberg told Plaintiff that defendant PBSP officer Lee had told Ronnenberg that Plaintiff had

filed 19 complaints against Lee, and that Ronnenberg wouldn't be having "that 602 filing shit" at SQSP.  Dkt. No. 1 at 25 (Compl. ¶ 248).  The events at SQSP do not involve a question of law or fact common to the PBSP defendants.  Whether defendant Ronnenberg engaged in retaliatory behavior is a legal and factual question independent of whether defendant Lee engaged in retaliatory behavior.  And the retaliation claims are wholly unrelated to the Eighth Amendment deliberate indifference to serious medical needs claim.   Accordingly, the Court DISMISSES the claims against San Quentin State Prison officers Ronnenberg, Real, Micheal, Malikian, Morales, Alvarado, and Dotts, and DISMISSES these individuals from this action.  This dismissal is without prejudice to Plaintiff filing a separate civil rights action raising his claims against these correctional officers.

Third, the complaint has not brought legal claims against SQSP hearing officer Willingham or SQSP warden Broomfield.  Other than identifying these individuals as defendants, Dkt. No. 1 at 6 (Compl., ¶¶ 24, 26), the complaint does make any other reference to officer Willingham or warden Broomfield.  These individuals are not referenced in the factual allegations and are not identified in the legal claims of actions.  The Court therefore DISMISSES SQSP hearing officer Willingham or SQSP warden Broomfield from this action.

Fourth, the complaint has not stated cognizable claims against PBSP chief deputy warden Bell, PBSP warden Robertson, former SQSP deputy warden Oak Smith, former CDCR Secretary Allison, current CDCR Secretary Maccomber, and Chief of Inmate Appeals Moseley.  The complaint alleges that these individuals' primary involvement in the alleged events was either (1) their receipt or review of Plaintiff's grievances or complaints regarding the way the phone signup sheet was being administered and related retaliatory action, or (2) their position as a supervisor responsible for promulgating and carrying out prison regulations.  *See, e.g.*, Dkt. No. 1 at 7, 10, 12-13, 15-17 (Compl. ¶¶ 40, 76, 93, 121, 126-28, 136).  Section 1983 liability may be imposed on a defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  There is no Section 1983 liability simply because an individual supervised the alleged wrongdoer.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondent superior liability, or

1 supervisory liability, under Section 1983, i.e., no liability under theory that one is liable simply because he supervises person who has violated plaintiff's right).  Conclusory allegations that a supervisor promulgated unconstitutional policies and procedures which authorized their subordinates' unconstitutional conduct are speculative and do not suffice to state a claim of supervisory liability.  *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018).  Also, a prison official's denial of an inmate's grievance generally does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability under Section 1983.  *See, e.g., Wilson v. Woodford*, No. 1:05–cv–00560–OWW–SMS, 2009 WL 839921, at *6 (E.D. Cal. Mar. 30, 2009) (ruling against prisoner on administrative complaint does not cause or contribute to constitutional violation).  A prisoner has no constitutional right to an effective grievance or appeal procedure.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner has no constitutional right to effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").  The Court therefore DISMISSES PBSP chief deputy warden Bell, PBSP warden Robertson, former SQSP deputy warden Oak Smith, former CDCR Secretary Allison, current CDCR Secretary Maccomber, and Chief of Inmate Appeals Moseley from this action.  This dismissal is without prejudice to filing an amended complaint against these defendants if Plaintiff can truthfully remedy the identified deficiencies.

Fifth, Plaintiff has named twenty-five Doe defendants, whom he identifies as CDCR employees who owed him various duties.  The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  The Court's general practice is to dismiss Doe defendants without prejudice to Plaintiff conducting discovery to identify the unknown defendants and then filing a motion requesting leave to amend the complaint to name the intended defendants and to issue summons upon them.  *See Gillespie*, 629 F.2d at 642.  The Court DISMISSES Doe Defendants 26-50 without prejudice.

Liberally construed, the complaint states cognizable First Amendment retaliation claims against some of the named Pelican Bay State Prison correctional officials.  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An

assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The second element, causation, requires showing that the prison official's adverse action was motivated by retaliatory intent, as opposed to for some other reason. *Shepard v. Quillen*, 840 F.3d 686, 689-91 (9th Cir. 2016). Mere speculation that defendants acted out of retaliation is not sufficient. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) (citing cases) (affirming grant of summary judgment where no evidence that defendants knew about plaintiff's prior lawsuit, or that defendants' disparaging remarks were made in reference to prior lawsuit). According to the complaint, the named PBSP correctional official-defendants treated Plaintiff poorly and unfairly by denying him access to the phone or cutting short his phone calls, refusing to allow him to make phone calls at time when his attorneys and supporters were available, favoring other inmates, refusing him out-of-cell time while allowing other inmates out-of-cell time, rescheduling his showers to inconvenient or impossible times, denying or failing to properly investigate his grievances, and berating him; and Plaintiff regularly filed grievances protesting this mistreatment. However, the allegations that Plaintiff filed grievances and that the named PBSP correctional official-defendants mistreated him or failed to follow prison regulations or memorandums are insufficient, by themselves, to state First Amendment retaliation claims. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). Violations of state law or prison regulations also fail to state a cognizable Section 1983 claim. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.") (internal quotation marks and citation omitted); *Sandin v. Conner*, 515 U.S. 472, 482 (1995) (finding no constitutionally protected liberty interest in prison regulations phrased in mandatory terms; rejecting notion that violation of state prison regulations provides basis for procedural due process claim because it

1     "creates disincentives for States to codify prison management procedures"); *see, e.g., Chappell v.*
2     *Newbarth*, No. 106CV-01378OWW-WMWPC, 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009)
3     (no private right of action under Title 15 of the California Code of Regulations) ("The existence of
4     regulations such as these governing the conduct of prison employees does not necessarily entitle
5     Plaintiff to sue civilly to enforce the regulations or to sue for damages based on the violation of
6     the regulations."). To state a cognizable First Amendment retaliation claim, the adverse action or
7     mistreatment must be motivated by the protected conduct. A conclusory allegation that the
8     mistreatment was retaliatory is insufficient to state a First Amendment claim.

9     Liberally construed, the complaint states cognizable First Amendment retaliation claims
10    against defendants Cupp, Hammer, Cross, Lee, Brewer, and Davis because it alleges that, on
11    certain dates, these defendants denied Plaintiff phone calls, limited his phone calls to unfavorable
12    times, rescheduled his shower time to an inconvenient time, told other inmates that their phone
13    privileges would be limited because of Plaintiff's grievance activity, forced him to end his call
14    early, and refused to allow him to stay outside his cell; and specified that the restrictions were
15    because of Plaintiff's filing activity. Specifically, the following allegations state cognizable First
16    Amendment retaliation claims:

- On May 28, 2020, defendant Cupp told Plaintiff that if he wanted to file grievances, he could no longer have calls during works hours and would miss calls if he went to yard, and told other inmates that they would be denied phone calls during work hours because of Plaintiff's grievance activity;

- On June 3, 2020, defendant Hammer told Plaintiff that he must skip yard if he wanted to use the phone, stating that he did so at defendant Cupp's direction;

- On December 9, 2020, defendant Lee cut short Plaintiff's cell, and later told Plaintiff on December 29, 2020 that he would run the call program the way he wanted and that Plaintiff should "keep filing;"

- On August 15, 2020, defendant Cross skipped Plaintiff for call time, stating that he made a new rule and referencing Plaintiff's grievance activity;

- On January 20, 2021, defendant Brewer restricted Plaintiff's call time, telling him to "keep filing," and defendant Lee told the inmates in Cell 101 that they would not get call time because of Plaintiff's grievance activity; and

- On March 27, 2021, defendant Davis told the porters no more double calls because of Plaintiff's grievance activity.

28    In addition, the allegations that defendants Lee and Hammer repeatedly denied Plaintiff phone

6

calls, out-of-cell time, and shower time on other days and indicated knowledge of, and irritation with, Plaintiff's grievance activity state cognizable First Amendment retaliation claims. The allegations that defendants Cupp, Hammer, Cross, Lee, Brewer, and Davis failed to respond to, or improperly handled, Form 22s or grievances regarding alleged mistreatment or failure to comply with prison regulations or state laws do not state a First Amendment retaliation claim because a prison official's denial of an inmate's grievance generally does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability under Section 1983. Liberally construed, the allegations that defendants Cupp, Hammer, Cross, Lee, Brewer, and Davis threatened to deprive Plaintiff of phone calls, out-of-cell time, or showers because of his grievance activity also state a cognizable claim for violation of the Bane Act. *See Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 66, *as modified on denial of reh'g* (Cal. Ct. App. 2015).

The complaint does not state a First Amendment retaliation claim against Bell, Betzinger, Robertson, Kirby, Pope, and Cain. The allegations against defendants Bell, Betzinger, Robertson, and Kirby's involvement are that they were the recipients of letters or grievances informing them that Plaintiff was being mistreated. As discussed above, a prison official's denial of an inmate's grievance generally does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability under Section 1983. The allegation that defendants Bell, Betzinger, Robertson, and Kirby were informed that Plaintiff believed he was being subject to unlawful treatment is insufficient to impose Section 1983 liability. *See Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013) (plaintiff must show that defendant's actions both actually and proximately caused deprivation of federally protected right to impose Section 1983 liability). The allegations against defendants Pope and Cain are that, on March 18, 2021, defendant Pope refused Plaintiff's request to speak to a sergeant and that on March 20, 2021, defendant Cain ignored Plaintiff's summons. These allegations are insufficient to raise a reasonable inference that these actions were adverse or that they were motivated by retaliatory intent. The claims against defendants Bell, Betzinger, Robertson, Kirby, Pope, and Cain are DISMISSED, and these defendants are DISMISSED from this action. This

1  dismissal is without prejudice to filing an amended complaint against these defendants if Plaintiff
2  can truthfully remedy the identified deficiencies.

**CONCLUSION**

For the reasons set forth above, the Court orders as follows.

1.  The following defendant(s) shall be served: Pelican Bay State Prison officers S. Cupp, Hammer, Cross, M. Lee, Brewer, and K. Davis.

2.  Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 10), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.  The Court DISMISSES Doe Defendants 26-50 from this action without prejudice.

4.  The Court DISMISSES the First Amendment retaliation and Eighth Amendment deliberate indifference to serious medical needs claims against San Quentin State Prison officers

Ronnenberg, Real, Micheal, Malikian, Morales, Alvarado, Dotts, Smith, Willingham, and Broomfield, and DISMISSES these defendants from this action. This dismissal is without prejudice to Plaintiff bringing claims against the San Quentin State Prison officers in a separate action. The Clerk is directed to send Plaintiff two copies of the Court's civil rights complaint form.

5. The Court DISMISSES the following defendants from this action: PBSP chief deputy warden Bell; PBSP warden Robertson, former CDCR Secretary Allison, current CDCR Secretary Maccomber, and Chief of Inmate Appeals Moseley. This dismissal is without prejudice to filing an amended complaint against these defendants if Plaintiff can truthfully remedy the identified deficiencies.

6. The Court DISMISSES the First Amendment retaliation claims against the following defendants: Pelican Bay State Prison correctional officials Bell, Betzinger, Robertson, Kirby, Pope, and Cain. This dismissal is without prejudice to filing an amended complaint against these defendants if Plaintiff can truthfully remedy the identified deficiencies.

7. If Plaintiff wishes to file an amended complaint to address the deficiencies identified above, Plaintiff shall do so within twenty-eight (28) days of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 23-03660 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the defendants ordered served above and the claims found cognizable below. Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in Dkt. No. 1 remaining the operative complaint, and the action proceeding solely against the defendants ordered served above and on the claims found cognizable below. Plaintiff is cautioned that any amended complaint must comply with Fed. R. Civ. P. 8(a)'s "short and plain statement" requirement.

1  Plaintiff is reminded that not all harassment by correctional officials rises to the level of a constitutional violation, and that violations of prison regulations or memorandums generally do not state a federal constitutional violation.

8. As detailed above, the complaint states a cognizable First Amendment retaliation claim and Bane Act claim against defendants Pelican Bay State Prison officers S. Cupp, Hammer, Cross, M. Lee, Brewer, and K. Davis.

9. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than 91 days from the date this order is filed, Defendant(s) must file and serve a motion for summary judgment or other dispositive motion. If Defendant(s) is(are) of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant(s) no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Defendant(s) shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

10. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must

---

[1] If Defendant(s) assert(s) that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant(s) must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

11. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

12. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

13. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

1  Any motion for an extension of time must be filed no later than the deadline sought to be
2  extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that he
3  must include the case name and case number for this case on any document he submits to the
4  Court for consideration in this case.
5  **IT IS SO ORDERED.**
6  Dated:   6/14/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge