UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ,<br><br>        Plaintiff,<br><br>v.<br><br>M. LEE, et al.,<br><br>        Defendants. | Case No. 23-cv-03660-HSG<br><br>**ORDER GRANTING REQUESTS TO EXTEND DISCOVERY AND BRIEFING DEADLINES; DENYING REQUEST FOR APPOINTMENT OF COUNSEL; DENYING REQUEST FOR SANCTIONS**<br><br>Re: Dkt. Nos. 17, 21, 32, 39, 46 |

Plaintiff, an inmate currently housed at San Quentin State Prison ("SQSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This order addresses the parties' various requests to extend discovery and briefing deadlines, Dkt. Nos. 17, 21, 32; Plaintiff's request for appointment of counsel, Dkt. No. 39; and Plaintiff's request for sanctions, Dkt. No. 46.

**DISCUSSION**

**I.    Requests to Extend Discovery Deadline (Dkt. No. 17)**

On August 15, 2024, Defendants requested a 45-day extension of time to September 16, 2024 to file their responses to Plaintiff's requests for admissions ("RFAs"). Dkt. No. 17. Plaintiff opposes this request, arguing that the Court's June 14, 2024 Order authorized him to immediately commence discovery; that Defendants have "vast resources" that allowed them to timely respond to the RFAs; that Defendants unjustifiably waited until July 16, 2024[1] to assign counsel to staff this case; and that Defendants are lying about his purported agreement to extend the discovery

---

[1] The Court presumes that Plaintiff's reference to July 26, 2024 as the date that Deputy Attorney General Vazirani appeared for Defendants in this case is a typographical error. Defendants, and DAG Vazirani, appeared in this case on July 16, 2024. Dkt. No. 14.

1 response deadline.  Dkt. No. 19.

2       On or about June 30, 2024, Plaintiff mailed 339 requests for admissions ("RFAs") to Pelican Bay State Prison.  Dkt. No. 17 at 2.  Plaintiff also propounded 78 requests for production of documents and interrogatories.  Dkt. No. 17 at 3.  Defendants received the first set of discovery requests on July 8, 2024, and the second set on July 18, 2024.  Dkt. No. 17-1 at 2.  Defendants appeared in this action on July 16, 2024.  Dkt. No. 14.  Defendants' counsel coordinated with Pelican Bay State Prison's litigation coordinator to arrange a phone call with Plaintiff on July 31, 2024.  In the phone conversation, Plaintiff agreed to provide Defendants with an extension of time to September 16, 2024 to respond to his interrogatories and RFPs.  Dkt. No. 19 at 3.  Plaintiff did not agree to provide Defendants with an extension of time to respond to his RFAs; however, Defendants mistakenly believed that the extension of time applied to all the discovery requests.  Dkt. No. 19 at 3; Dkt. No. 17-1 at 2.  On August 6, 2024, Defendants sent Plaintiff a letter memorializing their understanding of the agreements reached during the July 31, 2024 phone conversation.  Dkt. No. 17-2 at 2.  On August 13, 2024, Defendants' counsel received a letter from Plaintiff stating that he had never agreed to an extension of time for the RFAs.  Dkt. No. 17-3 at 2.  On August 15, 2024, Defendants filed this request for an extension of time to September 16, 2024 to file their responses to Plaintiff's RFAs.  The parties agree that the original deadline for responding to the RFAs was August 2, 2024.

      The Court has reviewed the records and finds no indication that Defendants have acted in bad faith or intentionally misled Plaintiff or the Court; finds that the extension of time requested is reasonable, in light of the volume of the discovery requests and the coordination required; and finds that Defendants' failure to seek an extension of time prior to the discovery deadline was inadvertent and the result of a good-faith error.  The Court therefore GRANTS Defendants' request for an extension of time to September 16, 2024 to file their responses to Plaintiff's RFAs.  Any responses served by September 16, 2024 are deemed timely.  Pursuant to Fed. R. Civ. P. 36(a)(3), the time for responding to an RFA may be lengthened by court order.  Here, the Court has extended the time for responding to Plaintiff's RFAs to September 16, 2024.  The RFAs are not deemed admitted so long as the responses were timely served by September 16, 2024.

**II.   Request to Extend Briefing Deadlines (Dkt. Nos. 21, 32)**

Good cause being shown, the Court GRANTS Defendants' unopposed request for an extension of time to file their dispositive motion, Dkt. No. 21; and GRANTS Plaintiff's unopposed request for an extension of time to respond to Defendants' motion to dismiss, Dkt. Nos. 32, 33, 34.

The Court sets the following deadlines.

**Dispositive Motion Deadline.**  Defendants shall file their dispositive motion 90 days after the Court has issued its order on Defendants' partial motion to dismiss (Dkt. No. 18).

**Briefing Schedule for Motion to Dismiss**.  Defendants have filed a motion to dismiss Plaintiff's *Bane* claim.  Dkt. No. 18.  Plaintiff's opposition was due on September 20, 2024.  The Court has granted Plaintiff's request for an extension of time to oppose the motion to dismiss. Plaintiff shall file his opposition to Defendants' motion to dismiss by November 29, 2024. Defendants shall file their reply in support of their motion to dismiss by December 6, 2024.

**III.   Request for Appointment of Counsel (Dkt. No. 39)**

Plaintiff has requested that the Court appoint him counsel for the following reasons: Plaintiff is unable to afford counsel; Defendants have admitted that this case is complex; defendant Cross has defaulted; Defendants have failed to timely respond to his RFAs and the RFAs are therefore deemed admitted; Defendants have admitted that the failure to timely respond to Plaintiff's RFAs is fatal to the remaining Defendants' case; Plaintiff is therefore legally entitled to prevail on the merits against all Defendants and this case can proceed to jury trial; Defendants are unreasonably obstructing his access to relevant and material evidence sought through discovery requests, specifically records regarding PBSP RCGP Unit 1 inmates which he lacks experience or skills to produce; and Plaintiff's sister has unsuccessfully attempted to obtain representation for Plaintiff.  Dkt. No. 39.

Defendants oppose the request to counsel on the grounds that Plaintiff's inability to hire counsel does not constitute exceptional circumstances; there is nothing in Plaintiff's request for counsel that allows the Court to evaluate or further assess Plaintiff's likelihood of success on the merits; Plaintiff's claim that Defendants are preventing him from accessing relevant information can be addressed by a motion by compel and does not require appointment of counsel; and

Plaintiff's pleadings show that he is fully able to articulate his claims *pro se*. Dkt. No. 44.

The Court DENIES Plaintiff's request for counsel for the following reasons. Dkt. No. 39. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981). A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointing counsel is within the court's discretion and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id*. At this stage of the action, it is unclear whether Plaintiff will succeed on the merits and Plaintiff has ably litigated the case thus far. As discussed above in the order, Plaintiff's requests for admissions have not been deemed admitted. Therefore, it is not yet clear if this case will proceed to trial. To the extent that Plaintiff believes that Defendants are denying him relevant discovery, Plaintiff may file a motion to compel to resolve this issue. In fact, Plaintiff has filed a motion to compel without assistance of counsel. Dkt. No. 48. The request for appointment of counsel is therefore DENIED for lack of exceptional circumstances without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require. Dkt. No. 39.

**IV.  Request for Sanctions (Dkt. No. 46)**

Plaintiff requests that the Court sanction Defendants or defense counsel for filing an opposition to his request for appointment of counsel. Dkt. No. 46. Plaintiff argues that the Attorney General's office lacks the authority to challenge United States citizen's requests for appointment of counsel for the following reasons. First, he argues that any such opposition does not promote an important public interest or affect a concrete controversy, and is not necessary for the enforcement of the laws of the state, the preservation of order, and the protection of public

4

rights and interests. Second, he argues that he has sued state actors who have disregarded the Constitution and the law; the Attorney General's office can refuse to represent such actors because this directly involves the rights and interests of the state; and the Attorney General's office should be required to abstain from "opposing such." Third, Plaintiff argues that the Attorney General's opposition to his request for appointment of counsel constitutes "playing with discovery in an attempt to gain a tactical advantage over United States citizens," which violates the Attorney General's duty to represent the public interest. Fourth, Plaintiff argues that the Attorney General has failed to cite any case wherein a *pro se* plaintiff has been able to compel discovery from an out-of-state, non-party entity, in particular, discovery that requires a protective order and filing under seal. *See generally* Dkt. No. 46.

Defendants oppose the request for sanctions on the following grounds. First, Defendants state that requests for sanctions are governed by Fed. R. Civ. P. 11(c)(2) and require that a motion for sanctions be made separately from other motions. Second, Defendants argue that they have not engaged in sanctionable action. Defendants argue that filing an opposition to Plaintiff's request for counsel is neither an abuse of authority nor a violation of Fed. R. Civ. P. 11, and that it is unclear why Defendants must point to a case where an unrepresented prisoner prevailed in compelling discovery from an out-of-state, non-party entity with possession or control of the information needed here. *See generally* Dkt. No. 49.

The Court DENIES Plaintiff's request for sanctions because neither Defendants nor Defendants' counsel have engaged in sanctionable conduct. The essence of Plaintiff's argument in support of sanctions is that because the California Attorney General represents the people, the Attorney General should not provide legal representation to state actors who have engaged in wrongdoing, should not refuse to provide discovery that will prove the state actors' wrongdoing, and should not oppose any requests for counsel made by *pro se* plaintiffs. Plaintiff's request for sanctions is based on the unproven premise that Defendants engaged in wrongdoing and the unsupported claim that Defendants' counsel have refused to produce documents to hide relevant information from Plaintiff. Plaintiff's request for sanctions is also based on the incorrect argument that the California Attorney General is prohibited from opposing motions from *pro se* plaintiffs

seeking relief against state actors who have engaged in wrongdoing.

The Court has reviewed the record and there is no indication that Defendants' counsel have filed pleadings in bad faith, made arguments that are legally or factually inaccurate, or refused to produce documents in bad faith. In other words, Defendants have not engaged in sanctionable conduct. The Court DENIES Plaintiff's request for sanctions. Dkt. No. 46.

## CONCLUSION

For the reasons set forth above, the Court ORDERS as follows.

1. The Court GRANTS Defendants' request for an extension of time to serve their responses to Plaintiff's requests for admissions. Dkt. No. 17. Defendants' responses to Plaintiff's requests for admissions are deemed timely if served by September 16, 2024.

2. The Court GRANTS Defendants' unopposed request for an extension of time to file their dispositive motion. Dkt. No. 21. Defendants shall file their dispositive motion 90 days after the Court has issued its order on Defendants' partial motion to dismiss (Dkt. No. 18).

3. The Court GRANTS Plaintiff's unopposed request for an extension of time to respond to Defendants' motion to dismiss. Dkt. No. 32. Plaintiff shall file his opposition to Defendants' motion to dismiss by November 29, 2024. Defendants shall file their reply in support of their motion to dismiss by December 6, 2024.

4. The Court DENIES Plaintiff's request for appointment of counsel. Dkt. No. 39. The denial is without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require.

5. The Court DENIES Plaintiff's request for sanctions. Dkt. No. 46.

This order terminates Dkt. Nos. 17, 21, 32, 39, 46.

**IT IS SO ORDERED.**

Dated: 11/12/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge