UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ,<br><br>          Plaintiff,<br><br>    v.<br><br>M. LEE, et al.,<br><br>          Defendants. | Case No. 23-cv-03660-HSG<br><br>**ORDER REQUIRING COUNSEL FOR DEFENDANT CROSS TO FILE SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. No. 23 |

Deputy Attorney General Nasstaran Ruhparwar has requested the Court's permission to withdraw as counsel for Defendant Cross on her own behalf and on behalf of the California Attorney General's Office. Dkt. No. 23. DAG Ruhparwar has not complied with the relevant local rules or Rules of Professional Conduct governing termination of representation. N.D. Cal. L.R. 11-5(a) requires counsel to provide the client with written notice, reasonably in advance, of their intent to withdraw as counsel. N.D. Cal. L.R. 11-5(a). Cal. Rules of Professional Conduct 1.16(d) provides that a lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel. Cal. Rules of Professional Conduct 1.16(d). While DAG Ruhparwar has stated that she does not have a mailing address for defendant Cross and that she has been unable to get in touch with defendant Cross, there is nothing in the record indicating that she has given defendant Cross any notice, even by voicemail, of her intent to withdraw as his attorney and the potential consequences of the withdrawal of representation.

In light of the foregoing, the Court therefore ORDERS as follows. By December 20, 2024, DAG Ruhparwar shall file a supplemental brief addressing the following issues: (1) the steps

taken by DAG Ruhparwar, the California Attorney General's Office, the California Department of Corrections and Rehabilitations ("CDCR"), or any other relevant entity to determine defendant Cross' address or other contact information, and explaining why the address of a former employee is unavailable to the CDCR; (2) the California Attorney General's Office's legal basis for accepting service on behalf of defendant Cross, given DAG Ruhparwar's statement that she has never communicated directly with defendant Cross; and (3) the steps DAG Ruhparwar has taken to given Plaintiff notice of her intent to withdraw as his attorney and the potential consequences of the withdrawal of representation.  This supplemental brief must be accompanied by a declaration under oath from DAG Ruhparwar to explain or support any factual assertions made in the brief.

**IT IS SO ORDERED.**

Dated: 12/6/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge