UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. LEE, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-03660-HSG<br><br>**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS**<br><br>Re: Dkt. No. 18 |

Plaintiff, an inmate currently housed at San Quentin State Prison ("SQSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This order addresses Defendants' partial motion to dismiss. Dkt. No. 18. For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss, Dkt. No. 18, and DISMISSES Plaintiff's Bane Act claim.

**BACKGROUND**

The complaint sues defendants Pelican Bay State Prison officers S. Cupp, Hammer, Cross, M. Lee, Brewer, and K. Davis. The complaint alleges that, between May 2020 to March 2021, in retaliation for Plaintiff's grievance activity, Defendants threatened to deprive Plaintiff of phone calls, out-of-cell time, or showers, in violation of the First Amendment and California's Bane Act (Cal. Civ. Code § 52.1). The complaint seeks declaratory and injunctive relief, damages, and fees and costs. *See generally* Dkt. Nos. 1, 12.

On August 23, 2024, Defendants filed a motion to dismiss Plaintiff's Bane Act claim for failure to either allege compliance with the California Government Claims Act ("CGCA") or allege facts excusing the failure to comply. Dkt. No. 18. Plaintiff's opposition was due September 20, 2024. The Court granted Plaintiff an extension of time to November 29, 2024, to file his opposition. Dkt. No. 51. The deadline has long passed, and Plaintiff has not filed an

1  opposition, or sought a further extension of time to file his opposition.  The motion to dismiss is
2  therefore ripe for review.

## DISCUSSION

**I.     Legal Standard**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party.  *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).  Notwithstanding this deference, the reviewing court need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint, *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009), and need not accept as true legal conclusions cast in the form of factual allegations, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

**II.    Analysis**

Defendants correctly argue that Plaintiff's Bane Act claim must be dismissed for failure to allege either (1) compliance with the claim presentation requirement set forth in the California Government Claims Act ("CGCA"), or (2) facts excusing compliance.  *See generally* Dkt. No. 18-1 at 3-4.

The CGCA requires, as a condition precedent to civil suit for money damages against a public entity or employee of such entity, the timely presentation of a written government claim and the rejection of the claim in whole or in part.  Cal. Gov't Code §§ 945.5, 950; *Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (referring to CGCA by its prior name, California Tort Claims Act); *see also Robinson v. Alameda Cnty.*, 875 F. Supp. 2d

1029, 1043 (N.D. Cal. 2012) ("Before a person can sue a public entity or public employee for money damages for actions taken within the scope of the person's employment, he or she must first file a government claim pursuant to the CGCA, codified at California Government Code section 810 *et seq.*"). Under the CGCA, a potential plaintiff must engage in a two-step process within specified time periods to timely file a complaint in court. First, the potential plaintiff must submit a written claim to the relevant public entity within six months of the date the action accrued. Cal. Gov't Code § 911.2; *see also Munoz v. California*, 33 Cal. App. 4th 1767, 1776 (Cal. Ct. App. 1995). The public entity then must grant or deny the claim within 45 days. Cal Gov't Code § 911.6(a). Second, if the claim is rejected, the potential plaintiff must file any civil claim in court within six months from the date the rejection is mailed. Cal. Gov't Code § 945.6(a)(1).

Compliance with the CGCA's claim presentation requirement is an element of a state-law tort cause of action and must be alleged in a complaint to survive a motion to dismiss. *See Cal. v. Sup. Ct. (Bodde)*, 32 Cal. 4th 1234, 1243-44 (Cal. 2004). When a plaintiff fails to allege compliance or facts excusing compliance, it is fatal to the cause of action and results in the dismissal of the state-law claim. *Id.* at 1243 ("failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a [motion to dismiss] for failure to state a cause of action."). Similarly, state-law tort claims brought alongside federal constitutional claims may proceed in federal court only if the plaintiff alleges compliance with the CGCA's claim presentation requirement. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) ("[Plaintiff's] pendent state law tort claims against both the individual and public entity defendants are barred unless he presented them to the City and the LAPD before commencing suit.").

Here, Plaintiff has brought a state-law claim alleging a violation of the California Bane Act; Plaintiff seeks money damages; and Defendants are public employees because they are correctional officials and sergeants employed by the California Department of Corrections and Rehabilitation. Accordingly, Plaintiff's Bane Act claim is subject to the CGCA's claim-presentation requirement. In requesting an extension of time to oppose the motion to dismiss,

Plaintiff states:

> As an incarcerated person my ability to contact the Office of Risk Management is very limited. Due to obstructions to copying services and reliable mail services at Pelican Bay prison where the incidents forming the basis of my claims occurred, I had to mail my State claim form to a family member for forwarding. Currently, I am trying to have my family member determine my State claim numbers and copies of my filings.

Dkt. No. 32. While Plaintiff implies in this pleading that he presented a claim in accordance with the requirements set forth in the CGCA, he had not directly alleged compliance with the CGCA, much less presented any evidence showing compliance.

The complaint does not plead compliance with the CGCA or facts excusing compliance. *See* Dkt. No. 1. The Court therefore GRANTS Defendants' partial motion to dismiss and DISMISSES Plaintiff's Bane Act claim. *Manigold*, 67 F.3d at 1477; *Karim-Panahi*, 839 F.2d at 627; *Bodde*, 32 Cal. 4th at 1243-44. The dismissal is without prejudice to seeking leave to amend the complaint to plead compliance with the CGCA. However, any request to amend the complaint to plead compliance must be accompanied by a showing that Plaintiff has complied with the CGCA or is excused from compliance.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The Court GRANTS Defendants' motion to dismiss, Dkt. No. 18, and DISMISSES Plaintiff's Bane Act claim.

2. The Court will set a briefing schedule on the dispositive motion after addressing the pending discovery motion.

This order terminates Dkt. No. 18.

**IT IS SO ORDERED.**

Dated: 2/25/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

4