UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>M. LEE, et al.,<br><br>        Defendants. | Case No. 23-cv-03660-HSG<br><br>**OMNIBUS ORDER GRANTING NUNC PRO TUNC REQUEST FOR EXTENSION OF TIME TO FILE OPPOSITION AND REPLY TO DKT. NO. 57; GRANTING REQUEST FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION; DENYING REQUEST FOR APPOINTMENT OF COUNSEL; RESETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. Nos. 58, 60, 61, 63, 64 |

        Plaintiff, an inmate currently housed at San Quentin State Prison has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding events that occurred at Pelican Bay State Prison ("PBSP") while he was housed there. This order addresses: (1) Defendants' request for an extension of time to file their opposition to Plaintiff's second motion to compel (Dkt. No. 57), Dkt. No. 58; (2) Plaintiff's request for an extension to file his reply in support of his second motion to compel (Dkt. No. 57), Dkt. No. 60; (3) Defendants' second request for an extension of time to file their dispositive motion, Dkt. No. 61; (4) Plaintiff's renewed request for appointment of counsel, Dkt. No. 63; and (5) Plaintiff's request to attend depositions and for orders facilitating presence, Dkt. No. 64.

**I.    Dkt. Nos. 58, 60**

        Good cause being shown, the Court GRANTS *nunc pro tunc* Defendants' request for an extension of time to file their opposition to Plaintiff's second motion to compel (Dkt. No. 57), Dkt. No. 58; and Plaintiff's request for an extension to file his reply in support of his second

1  motion to compel (Dkt. No. 57), Dkt. No. 60.  Defendants' opposition (Dkt. No. 59) and
2  Plaintiff's reply (Dkt. No. 62) are deemed timely filed.

**II.    Dkt. Nos. 63, 64**

Plaintiff has filed a renewed request for appointment of counsel.  Plaintiff has filed a request to attend depositions and for the following orders: (1) an order requiring Defendants to provide him with timely notice of any deposition that they intend to take, and (2) any and all orders enabling his presence via video-conference during these depositions.  Dkt. No. 64.  Defendants do not oppose this request and have agreed to make arrangements with the institution where Plaintiff is incarcerated to facilitate his presence at future depositions.  Dkt. No. 65.  As discussed further below, the Court DENIES Plaintiff's renewed request for appointment of counsel, Dkt. No. 63, and GRANTS Plaintiff's request to attend depositions and for orders facilitating attendance, Dkt. No. 64.

*Renewed Request for Appointment of Counsel*.  Plaintiff has requested that the Court appoint him counsel for the following reasons: Plaintiff is unable to afford counsel; Defendants and their agents are lying to defense counsel and in turn defense counsel is making false claims to the court, including falsely stating that Plaintiff does not have legal property in storage at SQRC; defense counsel has sought an extension of time to depose approximately 15 witnesses and Plaintiff requires counsel to protect these interests because he is unable to attend these depositions due to his incarceration; Defendants are delaying and obstructing Plaintiff's access to discovery, in particular by producing inaccurate and unreliable records and by obstructing access to phone records stored by a non-party; and Plaintiff has made efforts to obtain counsel but has been unsuccessful.  Plaintiff also argues that counsel is necessary because Defendants have admitted that this case is complex; and Plaintiff is entitled to judgment against defendant Cross; and this case will require further discovery.  *See generally* Dkt. No. 63.

The Court DENIES Plaintiff's renewed request for counsel, Dkt. No. 63, for lack of exceptional circumstances.  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981).  A court "may request an attorney to represent any person

unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointing counsel is within the court's discretion and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* At this stage of the action, it is unclear whether Plaintiff will succeed on the merits and Plaintiff has ably litigated the case thus far. The Court has reviewed the record and finds that Plaintiff's belief that Defendants are deliberately obstructing justice, making false representations, providing misleading evidence in response to discovery requests, and preventing Plaintiff from obtaining relevant documents is unfounded. In addition, Defendants have agreed to facilitate Plaintiff's presence at depositions of third-party witnesses, Dkt. No. 65, and the Court has instructed the Clerk to send Plaintiff copies of subpoenas. The request for appointment of counsel is therefore DENIED for lack of exceptional circumstances without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require. Dkt. No. 63.

*Request to Attend Depositions*. Good cause being shown, the Court GRANTS Plaintiff's request to attend any depositions taken by Defendants. The Court ORDERS Defendants to provide Plaintiff with timely notice of the depositions and make arrangements with the institution where Plaintiff is incarcerated to facilitate his presence at future depositions. The Court requests that the CDCR ensure Plaintiff's presence via video-conference at these depositions. The Court ORDERS the Clerk to send a courtesy copy of this order to the litigation coordinator at San Quentin Rehabilitation Center.

### III. Dkt. No. 61

Good cause being shown, Defendants' request for an extension of time to file their dispositive motion is GRANTED. Dkt. No. 61. The Court resets the briefing schedule as follows. The parties shall conclude discovery by September 30, 2025. Defendants shall file their

3

dispositive motion by October 31, 2025. Plaintiff shall file his opposition to the dispositive motion by December 1, 2025. Defendants shall file their reply by December 19, 2025.

## CONCLUSION

As detailed above, the Court ORDERS as follows.

1. The Court GRANTS *nunc pro tunc* Defendants' request for an extension of time to file their opposition to Plaintiff's second motion to compel (Dkt. No. 57), Dkt. No. 58; and Plaintiff's request for an extension to file his reply in support of his second motion to compel (Dkt. No. 57), Dkt. No. 60. The Court deems Defendants' opposition (Dkt. No. 59) and Plaintiff's reply (Dkt. No. 62) are timely filed.

2. The Court GRANTS Plaintiff's request to attend any depositions taken by Defendants. The Court ORDERS Defendants to provide Plaintiff with timely notice of the depositions and make arrangements with the institution where Plaintiff is incarcerated to facilitate his presence at future depositions. The Court requests that the CDCR ensure Plaintiff's presence via video-conference at these depositions. The Court ORDERS the Clerk to send a courtesy copy of this order to the litigation coordinator at San Quentin Rehabilitation Center.

3. The Court GRANTS Defendants' request for an extension of time to file their dispositive motion. Dkt. No. 61. The Court resets the briefing schedule as follows. The parties shall conclude discovery by September 30, 2025. Defendants shall file their dispositive motion by October 31, 2025. Plaintiff shall file his opposition to the dispositive motion by December 1, 2025. Defendants shall file their reply by December 19, 2025.

4. The Court ORDERS the Clerk to send Plaintiff ten (10) copies of the Court's subpoena form.

This order terminates Dkt. Nos. 58, 60, 61, 63, 64.

**IT IS SO ORDERED.**

Dated:   July 16, 2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge