1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    ANDREW LOPEZ,                    Case No.  23-cv-03660-HSG

8              Plaintiff,            **AMENDED ORDER ADDRESSING**
                                     **MOTIONS TO COMPEL**
9         v.
                                     Re: Dkt. Nos. 48, 57, 66
10   M. LEE, et al.,

11             Defendants.

12

13        Plaintiff, an inmate currently housed at San Quentin State Prison, has filed a *pro se* civil

14   rights action regarding events that occurred at Pelican Bay State Prison ("PBSP"), while he was

15   previously housed there.  This order addresses Plaintiff's three motions to compel.  Dkt. Nos. 48,

16   57, 66.[1]

17                              **DICUSSION**

18   **I.    Complaint**

19        Plaintiff has sued Pelican Bay State Prison ("PBSP") officers S. Cupp, Hamner, Cross, M.

20   Lee, Brewer, and K. Davis, alleging that, between May 2020 to March 2021, while he was housed

21   in Restricted Custody General Population ("RCGP"), Facility B-1, they retaliated against him for

22   his grievance activity by denying or limiting phone time, yard time, and shower time.  Plaintiff

23   alleges that the denials or limitations violated established policy and that other inmates housed in

24   his facility in the same privilege group were allowed these privileges.  *See generally* Dkt. Nos. 1,

25   12.  In the complaint, Plaintiff specifies the dates that each individual defendant denied him either

26   phone time, yard time, or shower time.  *See generally* Dkt. No. 1; *see, e.g.,* Dkt. No. 1 at 17

27   _____

28   [1] This amended order corrects a typographical error, replacing the citation to Dkt. No. 49 with a
     citation to Dkt. No. 48.

United States District Court
Northern District of California

(defendant Lee denied Plaintiff phone time on January 11-15, 2021; defendant Hamner denied Plaintiff phone time on January 17, 2021). The Court screened the complaint as follows:

> Liberally construed, the complaint states cognizable First Amendment retaliation claims against defendants Cupp, Ham[n]er, Cross, Lee, Brewer, and Davis because it alleges that, on certain dates, these defendants denied Plaintiff phone calls, limited his phone calls to unfavorable times, rescheduled his shower time to an inconvenient time, told other inmates that their phone privileges would be limited because of Plaintiff's grievance activity, forced him to end his call early, and refused to allow him to stay outside his cell; and specified that the restrictions were because of Plaintiff's filing activity. Specifically, the following allegations state cognizable First Amendment retaliation claims:
>
> - On May 28, 2020, defendant Cupp told Plaintiff that if he wanted to file grievances, he could no longer have calls during work[] hours and would miss calls if he went to yard, and told other inmates that they would be denied phone calls during work hours because of Plaintiff's grievance activity;
> - On June 3, 2020, defendant Ham[n]er told Plaintiff that he must skip yard if he wanted to use the phone, stating that he did so at defendant Cupp's direction;
> - On December 9, 2020, defendant Lee cut short Plaintiff's c[a]ll, and later told Plaintiff on December 29, 2020 that he would run the call program the way he wanted and that Plaintiff should "keep filing;"
> - On August 15, 2020, defendant Cross skipped Plaintiff for call time, stating that he made a new rule and referencing Plaintiff's grievance activity;
> - On January 20, 2021, defendant Brewer restricted Plaintiff's call time, telling him to "keep filing," and defendant Lee told the inmates in Cell 101 that they would not get call time because of Plaintiff's grievance activity; and
> - On March 27, 2021, defendant Davis told the porters no more double calls because of Plaintiff's grievance activity.
>
> In addition, the allegations that defendants Lee and Ham[n]er repeatedly denied Plaintiff phone calls, out-of-cell time, and shower time on other days and indicated knowledge of, and irritation with, Plaintiff's grievance activity state cognizable First Amendment retaliation claims. The allegations that defendants Cupp, Ham[n]er, Cross, Lee, Brewer, and Davis failed to respond to, or improperly handled, Form 22s or grievances regarding alleged mistreatment or failure to comply with prison regulations or state laws do not state a First Amendment retaliation claim because a prison official's denial of an inmate's grievance generally does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability under Section 1983. Liberally construed, the allegations that defendants Cupp, Ham[n]er, Cross, Lee, Brewer, and Davis threatened to deprive Plaintiff of phone calls, out-of-cell time, or showers because of his grievance activity also state a cognizable claim for violation of the Bane Act. *See Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 66, *as modified on denial of reh'g* (Cal. Ct. App. 2015).

Dkt. No. 12 at 6-7.

## II. Plaintiff's Motions to Compel – Dkt. Nos. 48, 57, 66

The Court has reviewed Plaintiff's motions to compel. Dkt. Nos. 48, 57, 66. Plaintiff has served over 400 discovery requests and challenged every discovery response received. *Id.* The bulk of Plaintiff's motions to compel are based on the following objections, which the Court addresses in this section.

First, Plaintiff objects to (1) Defendants making objections based on relevance, even where

2

United States District Court
Northern District of California

the defendant provided a substantive discovery response; (2) discovery responses where Plaintiff disagrees with the substance of the response, because he believes that Defendants are being untruthful or that Defendants have mischaracterized the relevant events; and (3) any qualified discovery responses.  These particular objections are meritless and based on a misunderstanding of discovery.  Plaintiff incorrectly presumes that discovery responses determine the legal relevance of issues, in a manner that is binding on future legal determinations in the case.  Based on this misunderstanding, Plaintiff's motion to compel requests that the Court "overrule", i.e., strike, Defendants' routine relevance objections; that the Court find that that his discovery requests are relevant; that the Court deem certain discovery requests admitted in all aspects, which by implication seeks a finding that certain discovery responses are false; that the Court find that Defendants' discovery responses are evasive if the response is not consistent with Plaintiff's understanding of events; and that the Court sanction Defendants for dilatory and evasive responses.  These are not appropriate bases for a motion to compel, and the Court lacks authority to make factual determinations in this manner.

With respect to Defendants' relevancy objections, these objections are appropriate.  Generally speaking, a responding party may propound any objections the party believes appropriate.  In fact, the responding party must make the objection or it is waived.  Fed. R. Civ. P. 26(b)(4).  Accordingly, in responding to Plaintiff's discovery requests, Defendants begin by listing their objections to the request.  In many of their responses, Defendants have objected on the ground that the request is overly broad because it seeks documents, or an admission or denial, or information, that is not relevant to the claim or defense of any party.  This is a proper basis for objecting to a discovery response.

With respect to Plaintiff's belief that the discovery responses are false or evasive, a motion to compel is not a vehicle for the party propounding discovery to express his disagreement with the objection or to require the Court to make factual findings.  A motion to compel under Fed. R. Civ. P. 37 is appropriate where a party has a good-faith basis for believing that the responding party's failure to respond or denial is unjustified or for believing that the discovery response was insufficient and that further response would be appropriate.  Fed. R. Civ. P. 37(a)(3).  The Court

1   has reviewed the record and finds no indication that Defendants' relevancy objections were made

2   in bad faith, or that Defendants have lied in their discovery responses.

3          With respect to Plaintiff's request for the Court to find that his discovery requests are

4   relevant or admitted in full, a motion to compel is not a vehicle for the party propounding

5   discovery to require the Court to make factual findings.

6          The Court therefore DENIES the portions of Plaintiff's motions to compel that challenge

7   the discovery responses solely based on the objections posed or Plaintiff's disagreement with the

8   substance of the response.  The Court DENIES Plaintiff's requests for the Court to strike

9   Defendants' discovery objections, find that Plaintiff's discovery requests are relevant to the claims

10  or defenses raised in this action, and/or deem the discovery requests admitted in full.

11         Second, Plaintiff has defined relevance too broadly.  Plaintiff argues that he is entitled to,

12  among other things, signup sheets used to allocate the yard time, phone time, and shower time that

13  he was allegedly denied; personal information of inmates who were housed in RCGP Facility B-1

14  during the relevant time period so that he can ascertain their phone usage, and access to yard and

15  shower; all CDCR documents referencing him during the relevant time period; information

16  regarding Defendants' social media presence and usage, including their usernames and passwords;

17  and information regarding CDCR's electronics policy.  Relevance alone does not establish

18  discoverability.  Discovery must also be proportional to the needs of the case.  Fed. R. Civ. P.

19  26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is

20  relevant to any party's claim or defense and proportional to the needs of the case, considering the

21  importance of the issues at stake in the action, the amount in controversy, the parties' relative

22  access to relevant information, the parties' resources, the importance of the discovery in resolving

23  the issues, and whether the burden or expense of the proposed discovery outweighs its likely

24  benefit."  While some of Plaintiff's objections to Defendants' relevance objections have merit, a

25  significant portion of Plaintiff's discovery requests are not relevant within the meaning of the

26  Federal Rules of Procedure because the requests have limited relevance to, and limited ability to

27  resolve, the issues in this action, and because the requests are not proportional to the needs of this

28  straightforward case.

Third, Plaintiff argues that each defendant improperly limited his or her response to the dates that the complaint alleged that the individual defendant had denied Plaintiff phone time, yard time, or shower time.  Plaintiff seeks to have each defendant's response address the entirety of the May 2020 to May 2021 time period.  Defendants argue that such a request is overly broad as custody staff members' duties go beyond facilitating inmates access to phones, shower, dayroom, and yard, and some of the defendants did not work in Plaintiff's housing unit, much less the RCGP unit, during the relevant time period.  The Court DENIES Plaintiff's request for Defendants' discovery responses to encompass the entirety of the May 2020 to May 2021 time period.  Given the broad nature of Plaintiff's discovery requests, requiring Defendants' responses to address dates beyond those when the alleged retaliatory acts occurred is disproportionate to the needs of this case.

Fourth, Plaintiff argues that each defendant improperly limited his or her response to information personally known to him or her.  He argues that each defendant should provide information regarding the other defendants, and that each defendant should have conducted inquiries sufficient to provide definitive responses to his discovery requests, even if the individual defendant was not involved with or aware of the document or event at issue in the discovery request.  This objection is contrary to the discovery obligations set forth in the Federal Rules of Civil Procedure, and is unduly burdensome to the responding party.  Fed. R. Civ. P. 26 requires the party serving the request to consider the parties' relative access to relevant information, and requires the party responding to the discovery request to prepare a response that reflects the best of his or her knowledge, information, and belief formed after a reasonable inquiry.  Fed. R. Civ. P. 26(b)(1), (g)(1).  Fed. R. Civ. P. 26 does not require a defendant to conduct an investigation to definitively answer a plaintiff's discovery requests regarding third parties or a codefendant, where the responding party has no involvement in the events or document at issue in the discovery request, determine the authenticity of documents not prepared by the defendant or not seen by the defendant prior to the litigation, or determine what co-defendants did, or did not, do or know.  Such discovery requests are unduly burdensome and disproportionate to the needs of the case.  The Court DENIES the portions of Plaintiff's motions to compel that challenge a discovery

response because the response is limited to the responding party's personal knowledge or because the responding party has not conducted an inquiry into matters related to third parties sufficient to provide a definitive discovery response.

### A.    First Motion to Compel – Dkt. No. 48

In Dkt. No. 48, Plaintiff argues that his Requests for Admissions, Set One, should be deemed admitted for failure to timely respond, and challenges Defendants' responses to his Interrogatories and related Requests for Production ("RFP"), Sets One and Two.  For the reasons set forth below, the Court DENIES the first motion to compel, Dkt. No. 48.

#### a)    Requests for Admissions, Set One

The Court DENIES Plaintiff's request to deem his RFAs admitted.  Defendants' responses to the RFAs were timely filed, as the Court has granted *nunc pro tunc* Defendants' request for an extension of time to file their responses to Plaintiff's RFAs.  Dkt. No. 51.

#### b)    Interrogatory Set One, Nos. 1-6

Interrogatory Set One, Nos. 1-6, and the related RFP Nos. 1-6, seek information and documents pertaining to each individual defendant's job duties.  Interrogatory Set One, No. 1 and RFP No. 1 request: "State the duties of M. Lee, correctional officer at Pelican Bay State Prison (PBSP).  If those job duties are set forth in any job description or other document, produce the document."  Dkt. No. 52-2 at 3.  Interrogatory Set One, Nos. 2-6, and the related RFP Nos. 2-6 ask the same question, but each request is directed at a different defendant (Cupp, Hamner, Brewer, K. Davis, Cross).  Dkt. No. 52 at 4.

Defendants have responded to these interrogatories, but have limited their responses as follows.  Each defendant responded only to the question specific to him or her, and each defendant limited his or her response to the dates identified in the complaint.  For example, the complaint alleges that defendant Brewer denied Plaintiff phone time on January 20, 2021.  Dkt. No. 1 at 17-18.  Defendant Brewer refused to respond to Interrogatory Nos. 1-3, and 5-6, which asked him to state the duties of defendants Lee, Cupp, Hamner, Davis and Cross.  Dkt. No. 52-2 at 13-16.  Defendant Brewer responded to Interrogatory No. 4, which asked him to state "the duties of Mr. Brewer," as follows:

Defendant objects to this discovery request on the basis that it is overly broad because it seeks information or documents that are not relevant to Plaintiff's claim against Defendant or Defendant's defense to same. Defendant also objects to this discovery request on the basis it seeks information or documents that are covered until (sic) the official-information privilege.

Subject to and without waiving the foregoing objections, Defendant responds as follows: As the Program Sergeant in Facility B-1, 3rd watch, on January 20, 2021, Defendant's duties and responsibilities pertaining to inmates' access to phones were to enforce all departmental rules, regulations, policies, and procedures pertaining to inmates' access to phones, supervise floor officers and control booth officers regarding same, and address any problems brought to his attention about inmates' access to phones by inmates, floor officers, and control booth officers.

Dkt. No. 52-2 at 15.

Plaintiff objects to Defendants' responses to Interrogatory Set One, Nos. 1-6, on the following grounds. Plaintiff argues that the objections – not relevant, overly broad, calls for speculation, and official information privilege – are meritless. Plaintiff argues that Defendants' duties and responsibilities are relevant, in that they would reveal how Defendants treat persons under their control, and Defendants' duty and ability to grant or deny privileges. Plaintiff argues that the claims do not call for speculation because the duties and responsibilities exist. Plaintiff also argues that each defendant's responses are evasive and non-responsive because defendants Lee, Hamner, and Davis's responses are nearly identical, and defendants Cupp and Brewer's responses are nearly identical. Plaintiff does not specify what further response is needed, only stating that he requests that the Court "order Defendants [to] produce the requested discovery." Dkt. No. 48 at 32.

The Court DENIES Plaintiff's motion to compel with respect to Plaintiff's Interrogatory Set One, Nos. 1-6, because the responses are not deficient. Plaintiff objects to Defendants' objections, but the Court does not strike objections or make determinations as to the legal sufficiency of any objections made. Each individual defendant has properly responded only to the discovery requests that concern him or her. Each defendant properly objected to discovery requests regarding co-defendants' job responsibilities as calling for speculation. Defendants are not required to confirm their co-defendants' job responsibilities, when such information is readily obtainable, and has been obtained by discovery responses directed directly at the relevant defendant.

7

**c)**        **Requests for Production Nos. 1-6 and Official Information Privilege**

The Court DENIES Plaintiff's request that the Court find that Defendants have waived the official information privilege, and DENIES Plaintiff's request that Defendants be ordered to produce the posting orders identified in their responses to RFP Nos. 1-6.

Defendants have identified posting orders as responsive to RFPs Nos. 1-6 and refused to produce them pursuant to the official information privilege.  Plaintiff argues that Defendants waived the official information privilege by failing to provide documents in response to his RFPs, and by failing to refer to any document in support of the official information privilege.  *See, e.g.,* Dkt. No. 48 at 17.  Plaintiff argues that the post orders should be produced because the privilege was waived and because Defendants' duties and responsibilities are relevant to his claims, in that they would reveal how Defendants treat persons under their control, and Defendants' duty and ability to grant or deny privileges.

The Court DENIES Plaintiff's motion to compel production of the post orders identified in their responses to RFP Nos. 1-6 because (1) Defendants have properly invoked the official information privilege, (2) producing the post orders is disproportionate to the needs of this litigation, and (3) the security concerns identified by Defendants weigh against production.

The Court finds that Defendants have made the threshold showing required to invoke the official information privilege and have not waived the privilege.  To invoke the official information privilege, the party asserting the privilege must submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit, and the affidavit must include: (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material  to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.  *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995).  Defendants provided a declaration from PBSP

Litigation Coordinator J. Rush in support of their invocation of the official information privilege. In this declaration, Mr. Rush explains how he has personal knowledge of the matters set forth in the affidavit, and makes specific statements and affirmations that satisfy the five factors listed above. Mr. Rush also provides a log of the responsive documents that are being withheld pursuant to the official information privilege. Dkt. No. 52-2 at 81-86.

The Court finds that these documents are not discoverable. This action alleges that Defendants retaliated against Plaintiff by denying him yard, shower, dayroom, and phone time. Defendants have provided information about their responsibilities and actions related to inmates' yard, shower, dayroom, and phone time. Defendants' other responsibilities have limited relevance to the claims and defenses in this action. This discovery request seeks information that is disproportionate to the needs of this litigation. In addition, the security concerns posed by allowing inmates to view correctional officers' post orders outweigh any limited relevance of such discovery.

d)    **Interrogatory Set One, No. 7, and RFP No. 7**

Interrogatory Set One, No. 7 requests the name, titles, and duties of PBSP staff members, other than Defendants, who had responsibility for RCGP inmates' telephone access, including but not limited to performing phone sign-ups, completing phone sign-ups, affording inmates phone access, and enforcing inmate phone access procedures. RFP No. 7 requests any documents that set forth these duties. Defendants objected to this request as vague and ambiguous, arguing that the phrase "enforcing inmate phone access procedures" is overly broad, unduly burdensome, and compound. Defendants refused to produce documents on these grounds. Defendants also objected to the extent that the request sought documents covered by the official information privilege, and stated that they were unable to provide a declaration in support of the official information privilege because of the vagueness of the request. Plaintiff argues that his requests are relevant and not compound; that Defendants have failed to explain or substantiate their objections; and that Defendants have waived the official information privilege. Dkt. No. 48 at 19-2. Defendants respond that preparing a comprehensive response would require approximately two months because hundreds of people have worked at PBSP's RCGP units and this request requires

United States District Court
Northern District of California

Defendants to match individual staff's duties with the "numerous (and compound)" tasks identified in the request.  While the Court is doubtful that preparing a comprehensive response would require two months and does not find the request vague or ambiguous, the Court agrees that the request is overly broad and, as such, disproportionate to the needs of this case.  General procedures governing access to phones are relevant to whether Defendants acted with retaliatory intent when granting or denying Plaintiff's access to the phones.  However, identifying all correctional officials other than Defendants who had responsibility for phone access during the relevant time period and listing their duties is unduly burdensome given that this information has limited relevance to the claims and defenses in this case.  The Court therefore DENIES Plaintiff's motion to compel further responses to Interrogatory No. 7 and RFP No. 7.

### e)    Interrogatory Set One, Nos. 8-9, and RFP Nos. 8-9

The Court DENIES Plaintiff's motion to compel with respect to Interrogatory Nos. 8-9 and RFP Nos. 8-9.  Interrogatory Set One, No. 8, requests that Defendants state the PBSP procedures in effect between January 1, 2020 and May 4, 2021, governing inmate access to telephones, whether housed in GP or RCGP.  RFP No. 8 requests any documents that set forth these procedures.  Interrogatory Set One, No. 9, and RFP No. 9 make similar requests with respect to inmate shower access.  Defendants objected to the requests as overly broad because they seek information and documents not relevant to the claims or defenses in this action, but also provided substantive responses.  With respect to Interrogatory Set One, No. 8, and RFP No. 8, Defendants did not provide a response to the interrogatory, but produced 209 pages of responsive documents.  With respect to Interrogatory Set One, No. 9, and RFP No. 9, defendants Lee and Hamner provided substantive responses to Interrogatory Set One, No. 9, and the other defendants did not respond on the grounds that the complaint did not allege that these defendants denied Plaintiff shower time.  Plaintiff objects to Defendants' objections, and also argues that defendants Lee and Hamner's responses are false.  Plaintiff's conviction that the response is false and that Defendants' relevancy objections are meritless are not proper bases for a motion to compel.

### f)    Interrogatory Set One, No. 10, and related RFP No. 10

The Court DENIES Plaintiff s motion to compel with respect to Interrogatory Set One, No.

10, and RFP No. 10.  Interrogatory No. 10 and RFP No. 10 request that Defendants identify individuals who have knowledge of the record storing procedures of GTL, the outside company which handles phone calls for inmates.  Defendants provided a complete substantive response – they do not know what GTL's record storing procedures and policies are – after stating their objections.  Plaintiff's conviction that the response is false and that Defendants' relevancy objections are meritless are not proper bases for a motion to compel.

### g)      Interrogatory Set One, Nos. 11-13, and RFP Nos. 11-13

The Court DENIES Plaintiff s motion to compel with respect to Interrogatory Set One, Nos. 11-13, and RFP Nos. 11-13.  These discovery requests are disproportionate to the needs of this case.  Interrogatory No. 11 and RFP No. 11 request that Defendants state the name, titles, and duties of all persons other than Defendants who had responsibility for storing and retaining RCGP inmates' phone records.  Interrogatory No. 12 and RFP No. 12 request that Defendants produce the GTL phone records of all RCGP Unit B-1 inmates for the relevant time period.  Interrogatory No. 13 and RFP No. 13 request that Defendants produce a list of all RCGP Unit B-1 inmates for the relevant time period and include their walk-alone I or group status, and their privilege group status.  As discussed above, some arguable relevance does not make information discoverable. The information requested is of limited relevance, and would take considerable time to collect and anonymize.  The burden and expense of responding to these discovery requests outweigh the likely reasonable benefit.

### B.      Second Motion to Compel – Dkt. No. 57

Plaintiff's second motion to compel concerns his second set of Requests for Production, Nos. 1-20; his (Electronic) Interrogatories, Nos. 1-12, directed at defendants Cupp and Lee; and his Requests for Admission.  Plaintiff served 48 RFAs on defendant Brewer; 39 RFAs on defendant Cupp; 98 RFAs on defendant Lee; 49 RFAs on defendant Davis; and 65 RFAs on defendant Hamner.  Plaintiff objects to every discovery response received, often on the grounds that the Court has rejected above.  For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's second motion to compel.

### 1.      Requests for Production, Set 2, Nos. 1-20

United States District Court
Northern District of California

The Court DENIES Plaintiff's motion to compel regarding his Requests for Production, Set 2, Nos. 1-20. These RFPs request: (1) the logs, paper or digital, for phone signups, yard attendance, and shower during the defined time period; (2) the names, titles, and contact information of the GTL reps with whom PBSP and the CDCR contracted regarding RCGP inmate phone calls; (3) the names, CDCR numbers, PID numbers, cell numbers, CDCR privilege group, RCGP group of RCGP B-1 inmates during the defined time period; (4) documents governing RCGP B-1 inmates access to the phone, dayroom, and shower; (5) defendant Cross' last known address; (6) all documents and records referencing Plaintiff during the defined time period; and (7) all communications between PBSP employees and San Quentin Rehabilitation Center employees that referenced Plaintiff's name or CDCR number. Defendants have objected to these requests as overly broad because they seek information or documents not relevant to the claims and defenses in this action. Defendants additionally object to certain requests as vague, ambiguous, compound, unduly burdensome, and/or invasive of the privacy rights of third parties. Defendants have identified previously produced documents LOP_AGO_00001-209 as responsive to RFP No. 13, which requests documents specifying the policies governing RCGP B1 inmates' phone access. Defendants have identified previously produced documents LOP_AGO_000016 and LOP_AGO_000018 as responsive to RFP No. 17, which requests documents specifying the policies governing RCGP B1 inmates' phone access during work hours. With respect to the other RFPs, Defendants have stated that they would not produce any documents.

Plaintiff challenges Defendants' discovery responses, arguing that his requests are relevant; that the need to know the information requested outweighs any privacy concerns; that the phone logs, phone records, and shower logs will prove his claims and prove that Defendants lied in their responses; that the request is not unduly burdensome because RCGP averaged 50 inmates overall, with each section averaging 15 inmates, and because housing unit records are in digital format; that LOP_AGO_00001-209 is "incomplete and deficient;" and that Defendants' discovery responses are false. Dkt. No. 57 at 1-31.

In response to the motion to compel, Defendants argue that the requested shower, phone, and yard logs are not relevant for several reasons. First, the manner in which Defendants used the

12

signup sheets to allocate phone time is not meaningfully probative of whether they retaliated against Plaintiff Second, the request is overly broad because Plaintiff seeks phone sign-up sheets and yard and shower logs for 488 days when the complaint focuses only on 40 specific days. Third, the request is unduly burdensome because these signup sheets and logs are not saved electronically and because the information regarding RCGP B1 inmates' privilege groups, cell numbers, and PID numbers must be manually collected.  Fourth, these requests involve the privacy rights of third parties which Defendants are obligated to preserve.  Dkt. No. 59 at 5-10.

As discussed above, Plaintiff's conviction that a discovery response is false and that relevancy objections are meritless are not proper bases for a motion to compel.  To the extent that Plaintiff is asking the Court to strike Defendants' objections or find them meritless as a matter of law, or find that Defendants' discovery responses are false, the Court DENIES these requests.

The Court DENIES Plaintiff's motion to compel regarding RFP Nos. 7-11, which request the names, CDCR numbers, PID numbers, cell numbers, CDCR privilege group, and RCGP group of RCGP B-1 inmates during the defined time period.  The significant privacy concerns implicated, combined with the burden required to compile this information, outweigh the limited relevance of this information.

The Court DENIES Plaintiff's motion to compel regarding RFP Nos. 1-5, which requests the logs, paper or digital, for phone signups, yard attendance, and shower during the defined time period.  As just explained, requiring Defendants to compile the information of all B-1 inmates over the specified time period would be unreasonable and unduly burdensome.  And because it appears that the requested logs do not identify the inmate's privilege group, producing the logs is similarly unduly burdensome, especially given that the logs, by themselves, would not reveal anything about the comparative treatment of B-1 inmates.

The Court DENIES Plaintiff's motion to compel regarding RFP No. 6, which requests information regarding GTL representatives.  This information has no relevance to this case, and the Court has denied Plaintiff discovery regarding the phone logs of other inmates.

The Court DENIES Plaintiff's motion to compel regarding RFP Nos. 12-17, which requests documents governing RCGP B-1 inmates access to the phone, dayroom, and shower.

1    Defendants have produced responsive documents, and Plaintiff presents no persuasive support for

2    his claim that the documents produced are "incomplete and deficient."

3        The Court DENIES Plaintiff's motion to compel regarding RFP No. 18, which requests

4    defendant Cross' last known address.  Defendants Cupp, Lee, Davis, Hamner, and Brewer

5    correctly object that this information is not relevant to the claims against them.

6        The Court DENIES Plaintiff's motion to compel regarding RFP Nos. 19 and 20, which

7    request all documents and records referencing Plaintiff during the defined time period and all

8    communications between PBSP employees and San Quentin Rehabilitation Center employees that

9    referenced Plaintiff's name or CDCR number.  This request is overly broad and disproportionate

10   to the needs of this case as it could encompass classification documents, health records,

11   disciplinary records, etc.  In addition, disclosure of internal prison documents implicates security

12   concerns.  The relevance of these documents is outweighed by the burden of production and the

13   security concerns.

14              **2.      Electronic Interrogatories Nos. 1-12, Defendants Cupp and Lee**

15       The Court DENIES Plaintiff's motion to compel regarding his (Electronic) Interrogatories,

16   Nos. 1-12, directed at defendants Cupp and Lee.  Electronic Interrogatories, Nos. 1-12 seek

17   information regarding (1) defendants Cupp and Lee's social media presence, including username

18   and passwords for any social media accounts; (2) whether the CDCR issued these defendants

19   electronic devices such as laptops, tablets, PDAs, USB storage devices, hard drives, etc.; and (3)

20   CDCR policies regarding issuance and return of these devices, retaining or archiving data on these

21   devices, managing loss or theft of these devices, and recovery of forgotten usernames.  Plaintiff

22   argues that this information is relevant to determining whether defendants Cupp and Lee spoke

23   "on relevant issues involving [Plaintiff]."  These requests have no clear relevance to the claims

24   and defenses in this case, are unduly burdensome, are disproportionate to the needs of the case,

25   and the burden or expense of the proposed discovery outweighs any limited benefit.

26              **3.      Requests for Admission**

27       The RFAs propounded on defendants Davis, Cupp, Lee, Hamner, and Brewer total 299

28   discovery requests.  Defendants have provided substantive responses to many of these RFAs.  The

United States District Court
Northern District of California

14

majority of Plaintiff's challenges to the discovery responses are his insistence that his RFAs are relevant; that Defendants' relevance objections are unfounded, misleading, and evasive; and that Defendants have lied in their responses.  As discussed above, Plaintiff's conviction that the response is false and that Defendants' relevancy objections are meritless are not proper bases for a motion to compel.  However, there are certain responses that appear insufficient and the Court GRANTS Plaintiff's motion to compel further responses to these RFAs.

Specifically, the Court is concerned with the responses to the RFAs asking individual defendant about a direct encounter with Plaintiff or the individual defendant's actions on a certain day.  There are two discovery responses that are insufficient.

First, in some of the discovery responses, the individual defendant has claimed that, after making a reasonable inquiry, the information known to the individual defendant is insufficient to enable him or her to admit or deny the RFA.  For example, RFA No. 36 directed at defendant Cupp asks him to admit or deny whether, in May 2020, he responded to the three CDCR Form 22s submitted by Plaintiff by falsely claiming that they were duplicates; and RFA No. 37 directed at defendant Cupp asks him to admit or deny whether, on May 28, 2020, he summoned Plaintiff to the B-1 rotunda.  It is unclear why defendant Cupp does not have information to admit or deny that these events, which he was involved in, occurred.  The Court therefore GRANTS Plaintiff's motion to compel further responses to the following RFAs where the discovery responses claim insufficient knowledge regarding an event that involved the responding defendant:

Defendant Brewer – RFA Nos. 36-43

Defendant Cupp – RFA Nos. 35-39

Defendant Davis – RFA Nos. 44-45

Defendant Hamner – RFA Nos. 37-43, 47, 49-50, 52, 56, 59, 62-65

Defendant Lee – RFA Nos. 36-37, 44-52, 55-59, 64-78, 81, 83, 85, 88-92, 94-98

The Court finds that these RFAs seek information relevant to the claims and defenses raised in this action.  Within two weeks of the date of this order, Defendants shall serve supplemental responses to these RFAs on Plaintiff.  To the extent that Defendants have objected to these RFAs on other grounds, such as argumentative, requiring adoption of an assumption, Defendants are ordered to

make a good-faith effort to provide a substantive response to the best of their ability, such as by qualifying their admission or denial in light of their objections.  If the reason that the defendant has insufficient information to admit or deny the RFA is because he or she has no memory of the relevant event, the defendant should specify that in his or her response.

Second, in some of the discovery responses, Defendants states that they deny the RFA "based on their objections."  It is unclear if the defendant is denying the substance of the RFA, or arguing that they need not provide an admission or denial because of the objections.  For example, RFA No. 35 directed at defendant Lee asks defendant Lee to admit or deny that "PBSP unit tower officers are responsible for releasing inmates for telephone access."  Defendant Lee responded, "Defendant also objects to this request on the basis that it is overly broad because it seeks an admission or denial that is not relevant to the claim or defense of any party.  Defendant further objects to this request on the basis that the phrase "responsible for" is vague and ambiguous.  Based on the foregoing objections, Defendant denies."  It is unclear if defendant Lee is denying that PBSP unit tower officers are responsible for releasing inmates for telephone access or stating that he will not provide a substantive response because the request is overly broad, and/or vague and ambiguous.  It is also unclear to the Court why defendant Lee is unable to deny or admit a statement regarding the responsibility of PBSP unit tower officers.  RFA No. 43 directed at defendant Lee asks defendant Lee to admit or deny that "On December 29, 2020, defendant Lee told Plaintiff that all Lee has to do is offer Plaintiff a phone call or log [and] that he did."  Defendant Lee responded, "Defendant objects to this request that it is vague and ambiguous.  Based on the foregoing objection, Defendant denies."  It is unclear if defendant Lee is denying making that statement or stating that he will not provide a substantive response because the request is vague and ambiguous.  It is also unclear to the Court why defendant Lee cannot admit or deny that he made this statement.  The Court therefore GRANTS Plaintiff's motion to compel further responses to these RFAs where Defendants have responded "Based on the foregoing objection, Defendant denies," except for RFA Nos. 29 and 32.

Defendant Brewer – RFA Nos. 6, 9, 10, 13, 14, 21, 26, 33-35, 45-48

Defendant Cupp – RFA Nos. 6, 9, 10, 13, 14, 26

1          Defendant Davis – RFA Nos. 6, 10, 13, 21, 26, 33-40, 42-43, 46-49

2          Defendant Hamner – RFA Nos. 33-35, 44-46, 48, 51, 53-54, 60-61

3          Defendant Lee – RFA Nos. 6, 10, 13, 14, 21, 26, 34-35

The Court finds that these RFAs seek information relevant to the claims and defenses raised in this action.  Within two weeks of the date of this order, Defendants shall serve supplemental responses to these RFAs on Plaintiff.  In these supplemental responses, Defendants should clarify whether they are denying the statement made in the RFA.  To the extent that Defendants have objected to these RFAs on other grounds, such as vague and ambiguous, compound, argumentative, requiring adoption of an assumption, Defendants are ordered to make a good-faith effort to provide a substantive response to the best of their ability, such as by qualifying their admission or denial in light of their objections.

With respect to RFA Nos. 29 and 32, Defendants have responded with objections and the concluding sentence "Based on the foregoing objection, Defendant denies."  The Court DENIES the motion to compel regarding RFA Nos. 29 and 32.  RFA Nos. 29 and 32 ask whether inmate phone records can be retrieved via PID numbers, and whether the CDCR recognizes the importance of maintaining strong community ties.  These RFAs request information that is irrelevant.

Defendants have also refused to provide responses to four RFAs.  The Court finds that the refusal to provide any response at all is unjustified and orders Defendants to provide supplemental responses to these RFAs.

***Brewer, RFA No. 44***.  "On February 10, 2021, defendant Brewer was present in the B-1 rotunda office when Plaintiff was summoned to appear for a grievance interview."  Defendant Brewer responded, "Defendant objects to this request on the basis that it is overly broad because it seeks an admission or denial that is not relevant to the claim or defense of any party.  Accordingly, Defendant denies.  Based on the foregoing objections, Defendant will not provide a response." The Court finds that this RFA seeks relevant information.  The Court GRANTS Plaintiff's motion to compel with respect to RFA No. 44 served on defendant Brewer.  Within two weeks of the date of this order, defendant Brewer shall serve a supplemental response to RFA No. 44 on Plaintiff.

United States District Court
Northern District of California

17

*Cupp, RFA No. 21*: "Pursuant to 15 CCR § 3044(e)(2)(D), privilege Group B inmates were entitled, during 2020 and 2021, to 1 call 'per month.'" Defendant Cupp responded, "Defendant objects to this request on the basis that it is overly broad because it seeks an admission or denial that is not relevant to the claim or defense of any party. Defendant further objects to the term "entitled" as vague and ambiguous. Based on the foregoing objections, Defendant will not provide a response." The Court finds that this RFA seeks relevant information and that the word "entitled" means that the statute cited required that privilege Group B inmates be allowed 1 call per month. Within two weeks of the date of this order, defendant Cupp shall serve a supplemental response to RFA No. 21 on Plaintiff.

*Davis, RFA No. 41*: "The RCGP at PBSP created phone sign-up sheets for B-1 inmates." Defendant Davis responded, "Defendant objects to this request on the basis that it is vague and ambiguous. Based on the foregoing objections, Defendant will not provide a response." The Court finds that this RFA is asking whether correctional officers in charge of PBSP RCGP created sign-up sheets to allow or allocate phone access for B-1. Within two weeks of the date of this order, defendant Davis shall serve a supplemental response to RFA No. 41 on Plaintiff.

*Lee, RFA No. 33*: "During the period attributed to YOU as outlined in Plaintiff's Complaint, YOU allowed privilege Group B inmates more phone calls than was allowed per PBSP policy." Defendant Lee responded, "Defendant objects to this request on the basis that it is overly broad because it seeks an admission or denial that is not relevant to the claim or defense of any party. Defendant further objects to the phrase "privilege Group B inmates" as vague and ambiguous. Based on the foregoing objections, Defendant will not provide a response." The Court finds that this RFA is relevant, and that it is asking defendant Lee to admit or deny that during the identified time periods, defendant Lee allowed inmates who were assigned to privilege Group B more phone calls that PBSP policy allowed. Within two weeks of the date of this order, defendant Lee shall serve a supplemental response to RFA No. 33 on Plaintiff.

In sum, the Court GRANTS the motion to compel with respect to the following RFAs:

Defendant Brewer – RFA Nos. 6, 9, 10, 13, 14, 21, 26, 33-48

Defendant Cupp – RFA Nos. 6, 9, 10, 13, 14, 21, 26, 35-39

United States District Court
Northern District of California

1    Defendant Davis – RFA Nos. 6, 10, 13, 21, 26, 33-43, 46-49, 44-45

2    Defendant Hamner – RFA Nos. 33-35, 37-54, 56, 59-65

3    Defendant Lee – RFA Nos. 6, 10, 13, 14, 21, 26, 33-35, 36-39, 41, 43-54, 55-60, 64-81,

4    83-85, 88-92, 94-98

5    Within two weeks of the date of this order, Defendants shall serve supplemental responses to these

6    RFAs on Plaintiff.  The Court DENIES the motion to compel with respect to the remaining RFAs.

7    The Court has reviewed Defendants' responses to the remaining RFAs and find that the responses

8    are substantive and responsive.  Plaintiff's conviction that the response is false and that

9    Defendants' relevancy objections are meritless are not proper bases for a motion to compel.

10    **C.    Third Motion to Compel – Dt. No. 66**

11    Plaintiff's third motion to compel concerns his Requests for Admissions, served on

12    January 6, 2025.  The Court DENIES this motion to compel for the reasons set forth below.

13    The January 6, 2025 RFAs asks Defendants to (1) admit or deny that other RCGP barbers

14    were allowed phone access between March 6, 2020 and May 4, 2021 (RFA No. 1), and that

15    Plaintiff was an RCGP barber between March 6, 2020 and May 4, 2021 (RFA No. 2);

16    (2) admit or deny the authenticity and contents of a letter sent to Warden Robertson that was not

17    sent to Defendants (RFA Nos. 3-6), and the contents of Form 22s reviewed by defendant Cupp but

18    not viewed or handled by the other defendants (RFA Nos. 10-11); and (3) admit or deny the

19    contents of a prison memorandum regarding suspension of the inmate barber program.

20    Defendants objected to RFA Nos. 3, 6, 8, and 10 on the grounds that they had not received the

21    letter or the Form 22s referenced in these RFAs, and they had no obligation to inquire as to

22    whether these documents were received by nonparties.  Defendants provided substantive responses

23    to the remaining RFAs.  Defendants provided qualified admissions to RFA Nos. 1-2, limiting their

24    responses to the dates identified in the complaint and, with respect to RFA No. 1, discussing

25    general procedures.  Defendants provided substantive responses to RFA Nos. 4-5 and 11-14

26    without limiting their responses according to their objections.  RFA Nos. 7, 9, 11 concerned Form

27    22s received by defendant Cupp but not by the other defendants.  Defendant Cupp provided an

28    unqualified admission to these RFAs, and the remaining Defendants admitted these RFAs, with

1   the qualification that they could not vouch for the authenticity of the Form 22s.

2          Plaintiff's objections can be summarized as follows.  Plaintiff disagrees with Defendants'

3   relevance objections; Defendants' responses are intentionally evasive because the responses were

4   qualified, often by the claim that the information known to the defendant was insufficient to allow

5   the defendant to admit or deny the authenticity of the referenced letter or Form 22; Defendants

6   should have conducted an inquiry to determine the authenticity of the referenced documents or the

7   truth of the statements made in the RFAs; the RFAs regarding defendant Robertson are relevant so

8   that Plaintiff can determine whether there is a basis for adding defendant Robertson as a

9   defendant; and Defendants' responses are false.  Plaintiff requests that the Court deem these RFAs

10  admitted for all purposes.

11         The Court DENIES Plaintiff's motion to compel regarding his January 6, 2025 RFAs for

12  the reasons discussed above.  Defendants' objections to RFA Nos. 3, 6, 8, and 10 are substantiated

13  because Defendants do not have personal knowledge of the documents referenced in these RFAs

14  and are not required to determine the authenticity of documents they have not seen prior to the

15  receiving these discovery requests.  Defendants provided substantive responses to the remaining

16  RFAs.  Plaintiff's conviction that the response is false and that Defendants' relevancy objections

17  are meritless are not proper bases for a motion to compel.  Furthermore, each individual defendant

18  properly responded to the discovery requests with information that he or she personally knew.

19                                   **CONCLUSION**

20         For the reasons set forth above, the Court ORDERS as follows.

21         1.      The Court DENIES Plaintiff's first and third motion to compel in their entireties.

22  Dkt. Nos. 49, 66.

23         2.      The Court GRANTS IN PART AND DENIES IN PART Plaintiff's second motion

24  to compel.  Dkt. No. 57.   The Court GRANTS the second motion to compel with respect to the

25  following RFAs:

26         Defendant Brewer – RFA Nos. 6, 9, 10, 13, 14, 21, 26, 33-48

27         Defendant Cupp – RFA Nos. 6, 9, 10, 13, 14, 21, 26, 35-39

28         Defendant Davis – RFA Nos. 6, 10, 13, 21, 26, 33-43, 46-49, 44-45

United States District Court
Northern District of California

1    Defendant Hamner – RFA Nos. 33-35, 37-54, 56, 59-65

2    Defendant Lee – RFA Nos. 6, 10, 13, 14, 21, 26, 33-35, 36-39, 41, 43-54, 55-60, 64-81,

3    83-85, 88-92, 94-98

4  Within two weeks of the date of this order, Defendants shall serve supplemental responses to these

5  RFAs on Plaintiff.  The Court DENIES the remainder of the second motion to compel.  Dkt. No.

6  57.

7    This order terminates Dkt. Nos. 48, 57, 66.

8    **IT IS SO ORDERED.**

9  Dated:    9/16/2025

10

11    HAYWOOD S. GILLIAM, JR.
     United States District Judge