1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7     ANDREW LOPEZ,                              Case No. 23-cv-03660-HSG

8                    Plaintiff,                  **ORDER DENYING LEAVE TO FILE**
                                                 **MOTION FOR RECONSIDERATION**
9          v.                                    **OF DKT. NOS. 72, 73; GRANTING**
                                                 **DEFENDANTS' REQUESTS FOR**
10    M. LEE, et al.,                            **EXTENSIONS OF TIME; GRANTING**
                                                 **IN PART AND DENYING IN PART**
11                   Defendants.                 **PLAINTIFF'S REQUEST TO EXTEND**
                                                 **ALL DEADLINES**
12
                                                 Re: Dkt. Nos. 74, 75, 76, 77
13

14

15         Plaintiff, an inmate currently housed at San Quentin State Prison, has filed a *pro se* civil

16    rights action regarding events that occurred at Pelican Bay State Prison ("PBSP"), while he was

17    previously housed there.  This order addresses the following pending motions: (1) Defendants'

18    first motion to extend their deadline to serve supplemental responses to Plaintiff's request for

19    admissions, Dkt. No. 74; (2) Plaintiff's notice of motion and motion of waiver and reconsideration

20    of ECF No. 72, Dkt. No. 75; (3) Plaintiff's request for time extension, Dkt. No. 76; and (4)

21    Defendants' motion to extend the fact discovery deadline, Dkt. No. 77.

22                                        **DISCUSSION**

23    **I.     Relevant Background**

24         Plaintiff has sued PBSP officers S. Cupp, Hamner, Cross, M. Lee, Brewer, and K. Davis,

25    alleging that, between May 2020 to March 2021, while he was housed in Restricted Custody

26    General Population ("RCGP"), Facility B-1, they retaliated against him for his grievance activity

27    by denying or limiting his phone time, yard time, and shower time. Plaintiff alleges that the

28    denials or limitations violated established policy and that other inmates housed in his facility in the

United States District Court
Northern District of California

same privilege group were allowed these privileges.  *See generally* Dkt. Nos. 1, 12.

On July 16, 2025, the Court set the following briefing schedule.

| Event | Deadline |
|---|---|
| Fact Discovery Deadline | September 30, 2025 |
| Dispositive Motion Deadline | October 31, 2025 |
| Opposition Deadline | December 1, 2025 |
| Reply Deadline | December 19, 2025 |

Dkt. No. 69.  On September 16, 2025, the Court granted in part and denied in part Plaintiff's

motions to compel.  The Court ordered Defendants to file supplemental responses to certain RFAs

by September 30, 2025.  Dkt. Nos. 72, 73.

**II.     Plaintiff's "Motion of Waiver and Reconsideration of ECF No. 72" (Dkt. No. 75)**

Plaintiff has requested that the Court reconsider its denial of Plaintiff's motions to compel,

as set forth in Dkt. Nos. 72, 73.  Dkt. No. 75.  Plaintiff argues that the Court erred in finding that

his discovery requests for records of other inmates' access to phone, yard, shower, job

assignments, and housing assignments were overly burdensome and irrelevant, and implicated

privacy concerns.  Plaintiff argues that the Court erred because (1) any burden was created when

Defendants willfully failed to preserve these logs despite being directed to do so by Plaintiff,

which constitutes spoliation of evidence, and (2) the inmates have waived their privacy concerns.

Plaintiff also argues that the information sought is "highly relevant;" that the failure to require

Defendants to produce this evidence is "detrimental" to his case; and that the inmates' waivers are

"legally binding."  Dkt. No. 74.

Because judgment has not been entered in this case, Plaintiff is required to obtain leave of

court because filing a motion for reconsideration.  N.D. Cal. L.R. 7-9.  The Court therefore

construes this motion as a request for leave to file a motion for reconsideration and DENIES the

request for the following reasons.  Plaintiff has failed to show either (1) a material difference in

fact or law exists from that which was presented to the Court before entry of Dkt. Nos. 72, 73; or

(2) the emergence of new material facts or a change of law occurring after the entry of Dkt. Nos.

72, 73; or (3) a manifest failure by the Court to consider material facts or dispositive legal

United States District Court
Northern District of California

1  arguments which were presented to the Court before the entry of Dkt. Nos. 72, 73, as required by

2  N.D. Cal. L.R. 7-9.  The Court denied Plaintiff's request for production of records of other

3  inmates' access to phone, yard, shower, job assignments, and housing assignment because they

4  had limited relevance, raised significant privacy concerns and entailed a burden to compile.

5  Plaintiff argues that the Court erred because these records are "highly relevant" and that the

6  inability to obtain these records is detrimental to his case.  However, the Court considered and

7  rejected Plaintiff's relevance claim in denying the motion to compel, and Plaintiff has not shown

8  any material difference in fact or law, or manifest failure to consider material facts or dispositive

9  legal arguments, that would show relevance.  Plaintiff also argues that any burden to Defendants

10  was caused by Defendants' failure to retain evidence.  However, the Court found the requests

11  burdensome because Plaintiff sought logs for 488 days despite the complaint focusing only on 40

12  days, because the signup sheets and logs are not saved electronically, and because the information

13  regarding RCGP B1 inmates' privilege groups, cell numbers, and PID numbers must be manually

14  collected.  The Court did not find, and there is no indication that, Defendants have deliberately

15  failed to retain evidence.  Finally, Plaintiff argues that the other inmates have waived their privacy

16  rights and that these waivers are legally binding.  Plaintiff has not provided any declarations or

17  other documentation supporting his claim that other inmates have agreed to have these records

18  released, much less documentation that all the inmates implicated by such a request have agreed to

19  release of these records.  Even if the inmates agreed to production of these documents, their

20  agreement does not legally require Defendants to produce that inmate's records.  Plaintiff cites to

21  no law that requires Defendants to produce an inmate's phone or shower logs in response to

22  discovery requests filed by a third party.  The Court therefore DENIES Plaintiff leave to file a

23  motion for reconsideration.  Dkt. No. 75.

24  **III.    Resetting Deadlines (Dkt. Nos. 74, 76, 77)**

25       Defendants have requested two discovery-related extensions of time: a 21-day extension of

26  time to October 21, 2025, to serve their supplemental responses to Plaintiff's 86 requests for

27  admission, in accordance with Dkt. Nos. 72, 73 (Dkt. No. 74); and an extension of the fact

28  discovery deadline to October 24, 2025, to obtain Plaintiff's responses to defendant Hamner's

3

United States District Court
Northern District of California

1  request for production of documents (Dkt. No. 77).  Plaintiff has requested a 60-day extension of

2  time of all current deadlines and that the Court order prison officials provide him with access to

3  the internet, stating that he anticipates follow-up discovery requests once the Court rules on the

4  motions to compel and the GTL records are produced; that he has not yet received subpoena forms

5  from the Court; that his pro per prisoner status and related inability to access the internet prevents

6  him from subpoenaing GTL for the phone records of Pelican Bay State Prison inmates; and that he

7  will require time to review the anticipated discovery.  Dkt. No. 76.

8          Good cause being shown, the Court GRANTS Defendants' discovery-related requests for

9  an extension of time.  Dkt. Nos. 74, 77.  By October 21, 2025, Defendants shall serve on Plaintiff

10  their supplemental responses to Plaintiff's 86 requests for admission, in accordance with Dkt. Nos.

11  72, 73.  Dkt. No. 74.  The Court extends the fact discovery deadline to October 24, 2025 to allow

12  Defendants to obtain Plaintiff's responses to defendant Hamner's request for production of

13  documents (Dkt. No. 77).

14          The Court GRANTS IN PART AND DENIES IN PART Plaintiff's request for an

15  extension of the current deadlines.  Dkt. No. 76.  Plaintiff's request for an extension of pending

16  deadlines is based on his argument that he is entitled to discovery regarding other inmates' access

17  to the phone, yard, shower, etc., whether from Defendants or from a third party.  The Court has

18  already found that this information is of limited relevance and denied Plaintiff's related motions to

19  compel production of such information.  Dkt. Nos. 72, 73.  There is therefore no need to extend

20  deadlines pending receipt of such information.  To the extent that Plaintiff seeks to extend

21  deadlines so that he may subpoena GTL for phone records of other inmates, the Court finds that

22  this is not good cause to extend deadlines.  The Court has found that this information is of limited

23  relevance to the legal issues in this case; and Plaintiff has had nearly three years to obtain this

24  information.  Finally, to the extent that Plaintiff claims that his incarceration has posed limitations

25  on his ability to litigate, such as limiting his access to photocopying and to his legal records, the

26  record indicates that any limitations have had minimal impact as Plaintiff has vigorously and

27  voluminously litigated this action.  While Plaintiff may not have litigated this action to the extent

28  that he personally believes necessary, there is nothing in the record that supports Plaintiff's claim

4

1    that Defendants are obstructing his litigation efforts.

2    However, as Plaintiff will not receive Defendants' supplemental responses until late

3    October 2025, the Court resets the deadlines as follows.

| Event | Deadline |
| --- | --- |
| Fact Discovery Deadline | September 30, 2025 |
| Deadline for Defendants to Serve Supplemental Responses to Plaintiff's Request for Admissions | October 21, 2025 |
| Deadline for Plaintiff to Respond to defendant Hamner's Request for Production of Documents | October 24, 2025 |
| Dispositive Motion Deadline | December 1, 2025 |
| Opposition Deadline | January 5, 2026 |
| Reply Deadline | January 19, 2026 |

The Court DENIES Plaintiff's request for a court order allowing him access to the internet.

Plaintiff requests such access to facilitate his discovery request to GTL and presumably for other

discovery. The Court has already found that information regarding other inmates' phone records

is of limited relevance, and the fact discovery deadline closes on September 30, 2025.

## CONCLUSION

For the reasons set forth above, the Court ORDERS as follows.

1. The Court construes Dkt. No. 75 as a request for leave to file a motion for

reconsideration of Dkt. Nos. 72, 73, and DENIES the request. Dkt. No. 75.

2. The Court GRANTS Defendants' request for a 21-day extension of time to October

21, 2025, to serve their supplemental response to Plaintiff's 86 requests for admission, in

accordance with Dkt. Nos. 72, 73 (Dkt. No. 74); and GRANTS Defendants' request for an

extension of the fact discovery deadline to October 24, 2025 obtain Plaintiff's responses to

defendant Hamner's request for production of documents (Dkt. No. 77).

3. The Court GRANTS IN PART AND DENIES IN PART Plaintiff's request for a

60-day extension of time of all deadlines. Dkt. No. 76. The Court resets the deadlines as follows.

United States District Court
Northern District of California

| Event | Deadline |
|---|---|
| Fact Discovery Deadline | September 30, 2025 |
| Deadline for Defendants to Serve Supplemental Responses to Plaintiff's Request for Admissions | October 21, 2025 |
| Deadline for Plaintiff to Respond to defendant Hamner's Request for Production of Documents | October 24, 2025 |
| Dispositive Motion Deadline | December 1, 2025 |
| Opposition Deadline | January 5, 2026 |
| Reply Deadline | January 19, 2026 |

4.   The Court DENIES Plaintiff's request for a court order allowing him access to the internet.  Dkt. No. 76.

This order terminates Dkt. Nos. 74, 75, 76, 77.

**IT IS SO ORDERED.**

Dated: September 30, 2025

HAYWOOD S. GILLIAM, JR.
United States District Judge