UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ,<br><br>    Plaintiff,<br><br>v.<br><br>M. LEE, et al.,<br><br>    Defendants. | Case No. 23-cv-03660-HSG<br><br>**ORDER REQUIRING INMATE-WITNESS WINSON TO SHOW CAUSE WHY CONTEMPT CITATION SHOULD NOT ISSUE; RESETTING CERTAIN DEADLINES**<br><br>Re: Dkt. Nos. 79, 81 |

Plaintiff, an inmate currently housed at San Quentin State Prison, has filed a *pro se* civil rights action regarding events that occurred at Pelican Bay State Prison ("PBSP"), while he was previously housed there. For the reasons set forth below, the Court GRANTS Defendants' request for an order requiring Richard Winson to show cause why a contempt citation should not issue for his failure to comply with a subpoena and for an extension of the fact discovery deadline, Dkt. No. 79; and DENIES as moot Defendants' request for an extension of time to file a motion to compel Plaintiff's response to defendant Hamner's document request, Dkt. No. 81.

## BACKGROUND

*Complaint.* Plaintiff has sued PBSP officers S. Cupp, Hamner, Cross, M. Lee, Brewer, and K. Davis, alleging that, between May 2020 to March 2021, while he was housed in Restricted Custody General Population ("RCGP"), Facility B-1, Defendants retaliated against him for his grievance activity by denying or limiting his phone time, yard time, and shower time. *See generally* Dkt. Nos. 1, 12.

*Inmate witness Winson.* On April 15, 2025, in Plaintiff's deposition, Plaintiff identified Richard Winson, an inmate currently housed at California State Prison – Corcoran ("CSP-Corcoran") as having information pertinent to his retaliation claim. Dkt. No. 79 at 8; Dkt. No. 79-

1 at 8-11.  On August 29, 2025, Defendants served a subpoena on inmate Winson, commanding him to appear at a deposition on September 11, 2025, at 9:00 a.m.  Dkt. No. 79 at 8; Dkt. No. 79-2.  On September 10, 2025, defense counsel spoke by telephone with inmate Winson.  Inmate Winson confirmed receipt of the deposition subpoena and stated that he would attend the deposition.  Dkt. No. 79 at 8.  On September 11, 2025, at the time the deposition was scheduled to begin, custody staff informed defense counsel that inmate Winson reused to appear.  Dkt. No. 79 at 8; Dkt. No. 79-3.  On October 3, 2025, Defendants filed this motion for an order to show cause why a contempt citation should not issue against inmate Winson for failure to comply with his deposition subpoena and asking for an extension of the fact discovery deadline to allow for Defendants to take inmate Winson's deposition.  Dkt. No. 79.

**DISCUSSION**

**I.   Request for Order to Show Cause Why Contempt Citation Should Not Issue (Dkt. No. 79)**

**A.   Legal Standard**

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ."  Fed. R. Civ. P. 26(b)(1).  Fed. R. Civ. P. 30 provides that a party may depose any person, including a nonparty material witness, by oral examination.  Fed. R. Civ. P 30.  A nonparty witness must attend a deposition within 100 miles of where they reside when served with a subpoena under Fed. R. Civ. P. 45.  Fed. R. Civ. P 45.  "Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court."  *Ortiz v. Lucero Ag Servs., Inc.*, No. 1:23-CV-01319-JLT-EPG, 2024 WL 4164602, at *1 (E.D. Cal. Sept. 12, 2024) (internal quotation marks and citation omitted).  "Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions."  Fed. R. Civ. P. 45 Advisory Committee Notes to 1991 amendment.  "The only sanction available against *nonparties* for failure to comply with deposition subpoenas is a contempt citation. There is no authority for any other sanction (except reimbursement of expenses on a motion to compel)."  *Martinez v. Antique & Salvage Liquidators, Inc.*, No. C 09-cv- 00997 HRL, 2011 WL 798707, at *2 (N.D. Cal. Feb. 8, 2011)

(internal quotation marks and citation omitted) (emphasis in original); *see also Sali v. Corona Regional Medical Center*, 884 F.3d 1218, 1224 (9th Cir. 2018) (Rule 45 deposition subpoena "obligates the nonparty to appear at the scheduled deposition at pain of being held in contempt. None of the other sanctions available under Rule 37 are available against the nonparty."). A civil contempt sanction is designed to force the contemnors to comply with an order of the court. *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 207 (1999); *see also Falstaff Brewing Corp., v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983).

Before a court may hold a person in contempt, the person has "the right to be heard in a meaningful manner." *Martinez*, 2011 WL 798707, at *2; *see also Ortiz*, 2024 WL 4164602, at *1. Where there is no issue of material fact, the district court is only required to give the contemnor notice of the request for a civil contempt citation and an opportunity to be heard. *See United States v. Ayres*, 166 F.3d 991, 996 (9th Cir. 1999). If the contemnor fails to respond to an order requiring the contemnor to show cause why a contempt citation should not issue, the court may be justified in finding that the allegations of the party seeking the contempt citation are uncontested as a matter of law. *See Rogers v. Webster*, 776 F.2d 607, 611 (9th Cir. 1985).

**B.  Analysis**

Defendants request that the Court require inmate Winson to show cause why a civil contempt citation should not issue and why the Court should not impose monetary sanctions against Winson, with the monetary sanctions lifting upon Winson's appearance at his deposition. Defendants state that inmate Winson is a necessary and material witness to this case, that they are prejudiced by his failure to appear at his deposition, and that a contempt citation paired with monetary sanctions are necessary to coerce Winson into attending and participating in his deposition. *See generally* Dkt. No. 79. Plaintiff has not opposed this request.

Defendants have reasonably identified inmate Winson as a necessary and material witness and sought to depose him. Inmate Winson's failure to attend his deposition is a violation of a court order. Fed. R. Civ. P. 45 Advisory Cmte Notes to 1991 amendment. The Court therefore ORDERS as follows.

The Court GRANTS Defendants' request that the Court order inmate Winson to show

cause why a contempt citation should not issue and monetary sanctions be imposed, with the monetary sanctions lifting upon Winson's appearance at his deposition. The Court GRANTS Defendants' request that the Court change the deadline to complete fact discovery to allow for them to take Winson's deposition after properly serving him with a second deposition subpoena.

The Court ORDERS inmate Winson to show cause, by December 5, 2025, why a contempt citation should not issue and monetary sanctions should not be imposed on inmate Winson for failure to sit for his deposition. To respond to the order to show cause, inmate Winson should file a written response with the Court explaining why the contempt citation should not issue and why monetary sanctions not be imposed on him. If inmate Winson does not file a response to the Order to Show Cause by December 5, 2025, the Court will enter a contempt citation and monetary sanctions against inmate Winson. If inmate Winson attends and participates in his deposition prior to the order to show cause deadline, no contempt citation shall issue and no monetary sanctions will be imposed. If inmate Winson attends his deposition after a contempt citation issues and monetary sanctions are imposed, the Court will lift the monetary sanctions after inmate Winson appears at, and participates in, his deposition.

In light of the above, the Court RESETS the deadlines as follows.

| Event | Deadline |
|---|---|
| Fact Discovery Deadline with exceptions set forth below for Defendants to conclude discovery regarding inmate Winson | September 30, 2025 |
| Deadline for Defendants to Depose Inmate Winson | December 5, 2025 |
| Dispositive Motion Deadline | December 29, 2025 |
| Opposition Deadline | January 30, 2026 |
| Reply Deadline | February 13, 2026 |

## CONCLUSION

For the reasons set forth above, the Court ORDERS as follows.

1. The Court GRANTS Defendants' request that the Court order inmate Winson to

4

show cause why a contempt citation should not issue and monetary sanctions be imposed on Winson, with the monetary sanctions lifting upon Winson's appearance at his deposition. Dkt. No. 79. The Court ORDERS inmate Winson to show cause, by December 5, 2025, why a contempt citation should not issue and monetary sanctions should not be imposed on inmate Winson for failure to sit for his deposition. The Court instructs inmate Winson as follows. To respond to the order to show cause, inmate Winson should file a written response with the Court explaining why the contempt citation should not issue and why monetary sanctions not be imposed on him. If inmate Winson does not file a response to the Order to Show Cause by December 5, 2025, the Court will enter a contempt citation and monetary sanctions against inmate Winson. If inmate Winson attends, and participates in, his deposition prior to the order to show cause deadline, no contempt citation shall issue and no monetary sanctions will be imposed. If inmate Winson attends his deposition after a contempt citation issues and monetary sanctions are imposed, the Court will lift the monetary sanctions after inmate Winson appears at, and participates in, his deposition.

2. The Court ORDERS the Clerk to send a copy of his order to Richard Winson, CDCR No. C63916, at California State Prison – Corcoran, P.O. Box 8800, Corcoran, CA 93212-8309.

3. The Court ORDERS Defendants to serve a copy of his order on inmate Richard Winson.

4. The Court GRANTS Defendants' request that the Court extend the deadline to complete fact discovery to allow them to take Winson's deposition after properly serving him with a second deposition subpoena. Dkt. No. 79.

5. The Court DENIES as moot Defendants' request to extend the deadline to move to compel Plaintiff's response to Defendant Hamner's document request to November 14, 2025. Dkt. No. 81. Defendants have withdrawn this motion. Dkt. No. 84.

6. The Court resets the deadlines in this case as follows.

//

//

| Event | Deadline |
|---|---|
| Fact Discovery Deadline with exceptions set forth below for Defendants to conclude discovery regarding inmate Winson | September 30, 2025 |
| Deadline for Defendants to Depose Inmate Winson | December 5, 2025 |
| Dispositive Motion Deadline | December 29, 2025 |
| Opposition Deadline | January 30, 2026 |
| Reply Deadline | February 13, 2026 |

This order terminates Dkt. Nos. 79, 81.

**IT IS SO ORDERED.**

Dated:  11/21/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge